■ IRENE OBAD, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent.— Judgment and order unanimously reversed, without costs, and motion denied. Memorandum: The motion, which was made on the face of the complaint, challenged its legal sufficiency in that it failed to state a cause of action. Thus we must accept the allegations of the complaint as true, and give the plaintiff the benefit of all reasonable inferences therefrom. The complaint states in substance that the defendant attempted to force and coerce the plaintiff to accept an offer of settlement in the amount of $6,250. This is combined with an allegation of a threat that if the offer should be rejected by the plaintiff, the defendant would conduct individual settlement negotiations with other claimants and "thereby reduce the amount of money which would have otherwise been available for the payment of any judgment, which the said plaintiff herein might recover against the said Pablo Carmona and Jose Caldron". There are further allegations that defendant "carelessly, negligently and *in bad faith*" (italics ours) conducted settlement negotiations with other claimants and as a result, all of the moneys available under the policy were exhausted and that this was done "intentionally and with full knowledge of the prejudice that would inure to the plaintiff". Finally it is alleged that such conduct "was calculated to and actually did defeat, impair, impede and prejudice the rights and remedies of the plaintiff". The Justice at Special Term relied upon the case of *Duprey* v. *Security Mut. Cas. Co.* (22 A D 2d 544). The facts in that case were quite similar to those before us. There, the motion was for summary judgment and was not based upon the allegations of the complaint. In granting summary judgment dismissing the complaint the court stressed that the settlement was in good faith, and that there was no averment of bad faith in the complaint. That element definitely distinguishes that case from the present case. It seems that the old rule, that a contract of insurance is one in which only the two parties, the insurer and the insured, are concerned, no longer exists; at least it does not exist to the extent of precluding a cause of action such as this if a certain type of bad faith can, in fact, be established. This court said in *Teeter* v. *Allstate Ins. Co.* (9 A D 2d 176, 181): "Once a certificate of insurance under section 93-b has been issued by the insurance company and filed with the Commissioner, the contract of insurance ceases to be a private contract between the parties. A supervening public interest then attaches and restricts the rights of the parties in accordance with the statutory provisions. Many common-

law contractual rights are restricted by the statute." While it may be argued that the expression "in bad faith" is conclusory, it is sufficient under our present liberal practice (CPLR 3013, 3017, subd [a]; *Pimm* v. *Utilities Contractors*, 27 A D 2d 700; *Donnelly* v. *Rochester Gas & Elec. Corp.*, 21 A D 2d 740). We cannot speculate as to what proof, if any, of bad faith the plaintiff may produce. It may be that no cause of action can ever be established, but we do not think that we should say so merely on the face of the complaint containing the allegations above stated. This determination is without prejudice to another similar motion if and when the broad allegations of the complaint are limited, defined, and specified in a bill of particulars, if the defendant is advised to make such motion. Of course this is also without prejudice to a motion for summary judgment. (Appeal from judgment and order of Erie Special Term dismissing complaint.) Present — Williams, P. J., Bastow, Goldman, Del Vecchio and Marsh, JJ.