■ STEWART M. MULLER CONSTRUCTION COMPANY, INC., et al., Respondents, v NEW YORK TELEPHONE COMPANY, Appellant.—In an action to declare that a certain settlement agreement is null and void, defendant appeals from an order of the Supreme Court, Westchester County, entered June 6, 1975, which denied its motion to dismiss the amended complaint for failure to state a cause of action. Order reversed, with $20 costs and disbursements, and motion granted to the extent that it is declared that the said settlement agreement is valid. The complaint alleges that the corporate plaintiff and the defendant entered into an agreement whereby plaintiff was to construct the White Plains telephone building for defendant. There was delay in the commencement and progress of the work. The corporate plaintiff claimed that the delay was the fault of defendant and its architects, that it had thereby incurred substantial increases in its costs of construction and that plaintiff advised defendant that unless it "made some arrangement to compensate * * * for the excessive costs and damages or advance moneys * * * pending completion of 'the Work' * * * plaintiff * * * would be obliged to reduce the expenditure of labor pending discussions". Defendant responded by serving notices to terminate the agreement. The complaint then alleges that defendant knew that "any termination of the Agreement and the failure to compensate * * * for the damages and claims would inevitably * * * result in * * * the economic collapse of" the corporate plaintiff. Defendant was thereby "enabled * * * to extract from Plaintiff Muller Construction an agreement in respect of the remainder of 'the Work' and the damages and claims that was not a fair and reasonable resolution of the differences"; included in such new agreement was a provision for the personal liability of the individual plaintiff, the principal of the corporate plaintiff. In the agreement (entitled "Settlement Agreement") defendant agreed to withdraw its notices of termination, increased the contract price by $700,000, and advanced the additional sum of $897,625 (which was to be applied by plaintiff to arrearages due subcontractors). Further, of the latter sum, the corporate plaintiff was to repay only $825,000, in annual installments, over a nine-year period, which period was to commence some three

and a half years later. Plaintiffs claim that the agreement, so far as they were concerned, was the product of economic duress in that defendant knew that plaintiffs were being forced to agree on pain of economic disaster. This action was commenced 20 months after the execution of the settlement agreement. We find no duress. Defendant's threat to terminate the contract related to a relevant and legitimate dispute which stemmed from the contract itself. The fact that plaintiffs may have been financially constrained to accept less than the true value of their alleged damages does not constitute economic duress (see *Oleet v Pennsylvania Exch. Bank,* 285 App Div 411). The rule set forth in *Austin Instrument v Loral Corp.* (29 NY2d 124) does not apply to the facts as alleged in the complaint herein. Martuscello, Acting P. J., Cohalan, Munder and Shapiro, JJ., concur.