[Civ. No. 46296. Second Dist., Div. Two. Apr. 21, 1976.]

JANE ZAHN et al., Plaintiffs and Appellants, v.
CANADIAN INDEMNITY COMPANY et al.,
Defendants and Respondents.

510

## COUNSEL

Hornwood, Hornwood & Aronoff and Steven H. Hornwood for Plaintiffs and Appellants.

Peter Burrows for Defendants and Respondents.

## OPINION

**COMPTON, J.**—June Zahn and Joseph Zahn, plaintiffs in an action instituted by a complaint captioned "Complaint for Personal Injuries, Negligence and Breach of Contractual Duty of Good Faith," appeal from a summary judgment entered in favor of two named defendants —Richard Hartnett and Canadian Indemnity Insurance Company (Canadian).

The litigation had its genesis in a collision between an automobile operated by Joseph Zahn and in which his wife June was a passenger and an automobile driven by one Sara Peet. The latter is also named as a defendant in the complaint and the action based on her alleged negligence is still pending.

The declarations filed in support of the motion for summary judgment established that at the time of the accident Sara Peet was covered by a standard liability insurance policy issued by Canadian and that Hartnett was a staff adjuster for Canadian. Neither Canadian nor Hartnett had any other connection with Peet or the automobile.

Canadian's policy contained the usual promise to pay "on behalf of the insured [Peet] all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage. . . ." Further, as mandated by Insurance Code section 11580, subdivision (b)(2), the policy provided that an action to satisfy a judgment against the insured could be maintained directly against Canadian.[1]

---

[1] The policy contained the following: "7. Action Against Company—Part 1: No action shall lie against the company unless, as a condition precedent thereto, the insured shall have fully complied with all the terms of this policy, nor shall an action lie under the Liability Coverage until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by

In opposition to Canadian's and Hartnett's motions for summary judgment, plaintiffs' counsel filed a declaration in which he recounted his attempts to negotiate a settlement on behalf of Joseph Zahn and Canadian's refusal, through its adjuster Hartnett, to discuss settlement unless both plaintiffs were involved in the settlement. Plaintiffs contend that this was an unreasonable and improper refusal. Peet, the insured, has made no demand on Canadian to effect a settlement or to pay the policy limits.

An examination of the opposing declarations under the applicable standards of liberal construction of the moving party's declaration and liberal construction of the resisting party's pleadings and declarations (*Weichman* v. *Vetri,* 100 Cal.App.2d 177 [223 P.2d 288]; *de Echeguren* v. *de Echeguren,* 210 Cal.App.2d 141 [26 Cal.Rptr. 562]; *Joslin* v. *Marin Mun. Water Dist.,* 67 Cal.2d 132 [60 Cal.Rptr. 377, 429 P.2d 889]; *Eagle Oil Ref. Co.* v. *Prentice,* 19 Cal.2d 553 [122 P.2d 264]) discloses no triable issue of fact. Only an issue of law is involved and summary judgment is the proper procedure for determining the issue. (*Hardy* v. *Hardy,* 23 Cal.2d 244 [143 P.2d 701]; *Bromberg* v. *Bank of America,* 58 Cal.App.2d 1 [135 P.2d 689]; *Reiner* v. *Hermann,* 79 Cal.App.2d 543 [180 P.2d 385].)

■ Simply stated, plaintiffs' theory of recovery against Canadian and Hartnett is that as third party beneficiaries of the contract of insurance between Peet and Canadian, they are owed a duty of good faith and fair dealing which was breached by Canadian's unreasonable refusal to settle their claims against Peet within the policy limits, (citing *Crisci* v. *Security Ins. Co.,* 66 Cal.2d 425 [58 Cal.Rptr. 13, 426 P.2d 173]; *Comunale* v. *Traders & General Ins. Co.,* 50 Cal.2d 654 [328 P.2d 198, 68 A.L.R.2d 883]; *Gruenberg* v. *Aetna Ins. Co.,* 9 Cal.3d 566 [108 Cal.Rptr. 480, 510 P.2d 1032]). The question of law is whether under the uncontested facts defendants had such a duty.

Insurance Code section 11580 which requires automobile liability insurance to provide for a direct action against the insurer by a judgment creditor of the insured is designed to protect an injured party against the

written agreement of the insured, the claimant and the company.

"Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the company of any of its obligations hereunder."

insolvency of the insured and creates a contractual relation which inures to the benefit of any person who may be negligently injured by the insured. (*Johnson* v. *Holmes Tuttle Lincoln-Merc.*, 160 Cal.App.2d 290 [325 P.2d 193].)

■ "Where a promise is made to benefit a third party on the happening of a certain contingency, the third party may enforce the contract on the occurrence of that contingency. [Citation.]" (*Johnson* v. *Holmes, etc., supra,* at p. 297.)

That right, of course, is limited to enforcing the contract according to its terms and a third party beneficiary can gain no greater rights under the contract than the contracting parties. (*Sanders* v. *American Casualty Co.*, 269 Cal.App.2d 306 [74 Cal.Rptr. 634].) ■ Thus the provisions of the contract set out in footnote 1, *ante,* are binding on plaintiffs.

It is fundamental that generally speaking the injured party may not directly sue an insurer of the alleged tortfeasor. (*Spencer* v. *State Farm Mut. Auto. Ins. Co.*, 152 Cal.App.2d 797 [313 P.2d 900].) The statutory cause of action created by Insurance Code section 11580 and clauses drafted in compliance therewith is based on the unsatisfied judgment. (4 Witkin, Summary of Cal. Law, Torts, § 760, p. 3060.) Hence the contingency giving rise to an injured party's right as a third party beneficiary to enforce the contract is the legally established liability of the insured.

Plaintiffs' reliance on *Crisci, Comunale* and *Johnson, supra,* is misplaced. In *Johnson,* persons injured in an automobile accident obtained a *judgment* against the party at fault. The latter had no insurance but had purchased his car from a dealer that had orally promised to obtain liability coverage for him. Relying on the general contract law relating to third party beneficiaries and specifically on Insurance Code section 11580, the court held that the injured parties could recover from the dealer the benefits that would have been available had the contract to obtain insurance been performed.

*Crisci* and *Comunale* established the right of an *insured* to recover from an insurer, that unreasonably failed to settle within the policy limits, the amount by which a *judgment* against the insured exceeded the insurance coverage.

True, in *Crisci* and *Comunale,* the court speaks of an insurer's duty of good faith and fair dealing which can be breached by an unreasonable failure to settle in advance of litigation but in each of those cases the gravamen of the breach was found to be a failure of the insurer, in assessing a compromise, to give the interest of the *insured* adequate consideration and in failing to protect the insured against the risk of a recovery which exceeds the policy limits. No such risk faces the plaintiffs here. Their rights, if any, against Canadian are contingent on their proving the liability of Peet and are limited by the amount of the policy.

Nowhere in those cases is there any mention of a duty to the adversary in the litigation between the injured party and the insured to settle the former's claim against the latter.

Whatever rights may inure to the injured party as a third party beneficiary of a contract of liability insurance, they do not include any right to require the insurer to negotiate or settle with him prior to the establishment of the insured's liability. Further, the insured's liability must be established independently and not in an action brought directly against the insurer and the insurer may not be joined in the action against the insured. (*Spencer* v. *State Farm Mut. Auto. Ins. Co., supra; Van DerHoof* v. *Chambon,* 121 Cal.App. 118 [8 P.2d 925].)

The trial court correctly granted a summary judgment to Hartnett and Canadian and that judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.