[No. B052014. Second Dist., Div. Seven. Dec. 16, 1991.]

HAROLD B. ROSE et al., Plaintiffs and Appellants, v.
ROYAL INSURANCE COMPANY OF AMERICA, Defendant and
Respondent.

**COUNSEL**

Shernoff, Bidart & Darras, Frank N. Darras and Michael J. Bidart for Plaintiffs and Appellants.

Neumeyer & Boyd and Carol Boyd for Defendant and Respondent.

**OPINION**

**LILLIE, P. J.**—Pursuant to Insurance Code section 11580, Harold B. Rose and Eleanor Rose sued Royal Insurance Company of America as judgment creditors of Norman Hahn and Jean Hahn, who were insured under a policy of liability insurance issued by it. Plaintiffs appeal from judgment of dismissal entered after the trial court sustained defendant's demurrer to the first amended complaint without leave to amend.

FACTS

The first amended complaint (complaint) alleged: On March 15, 1980, defendant issued to the Hahns an insurance policy (the policy), effective through March 15, 1983, which included coverage for comprehensive general liability and contractual liability. In the policy defendant promised "[t]o pay on behalf of the insured all sums which the insured shall become legally

obligated to pay as damages because of . . . property damage to which this insurance applies . . . ." Defendant also promised "[t]o pay on behalf of the insured all sums which the insured, by reason of contractual liability assumed by him under any written contract of the type designated in the schedule for this insurance, shall become legally obligated to pay as damages because of . . . property damage to which this insurance applies . . . ."

In May 1980 Norman Hahn, acting as a real estate broker, showed plaintiffs a ranch (the property) and represented to them that he would handle the farming operations on the property through his ranch management business. Plaintiffs took possession of the property under a lease with option to purchase and entered into a farm management agreement with Hahn for farming and cultivation of the property. As a result of incompetent farm management plaintiffs canceled the agreement effective December 31, 1980. Hahn's mismanagement of the property resulted in damage to plaintiffs in that they were required to borrow substantial sums of money to meet lease payments and farm operation obligations. In 1983 plaintiffs were forced to file a petition in bankruptcy; in 1984 and 1985, respectively, they lost their residence and the property through foreclosure.

Thereafter, in the United States Bankruptcy Court, plaintiffs commenced and maintained an action against the Hahns, who themselves were bankrupts. The action included an allegation of negligence resulting in loss of and damage to crops on the property. The Hahns submitted a claim to defendant under the policy. Defendant wrote to the Hahns stating that it took the position the policy did not cover the claim; defendant offered to provide the Hahns with a defense under a full reservation of its right to dispute coverage. The action was tried and in December 1987 judgment was entered in favor of plaintiffs and against the Hahns for $1,058,800. At the "final hearing" the judge strongly suggested that the parties renew settlement discussions and enter into a stipulated judgment because he saw significant liability on the part of Mr. Hahn based on the latter's negligence. Accordingly, the parties and the Hahns' counsel, who was paid by defendant, entered into the judgment which recited that it was "[b]ased upon the negligence" of the Hahns.

Counsel paid by defendant to represent the Hahns' interests in the action consented to the judgment. Defendant had every opportunity to provide counsel to represent its interests in the action and failed to do so. Because of consent to the judgment by the Hahns' counsel and defendant's failure to participate in the action on its own behalf, defendant is estopped to assert that the judgment does not comply with the terms of the "no-action" clause

of the policy which sets forth the conditions precedent to the maintenance of an action against defendant.

The complaint concluded by alleging that defendant refused to comply with plaintiffs' demand for payment under the liability provisions of the policy based on their judgment against the Hahns.

Defendant demurred generally to the complaint on the grounds that the action is barred by the policy's no-action clause and that defendant is not estopped to assert such defense.

The demurrer was sustained without leave to amend. Plaintiffs appeal from the ensuing judgment of dismissal.

## DISCUSSION

### I

As mandated by Insurance Code section 11580,[1] the policy included the following provision: "5. Action Against Company No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the company. [¶] Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy."

Plaintiffs contend that the foregoing provision, by permitting an action against defendant where a judgment is entered against the insured "after actual trial," is more restrictive than section 11580, which specifies only that a judgment be "secured" against the insured. The policy provision, plaintiffs argue, is therefore void. We do not agree.

In *Hynding* v. *Home Acc. Ins. Co.* (1932) 214 Cal. 743 [7 P.2d 999, 85 A.L.R. 13], our Supreme Court, discussing the predecessor of section 11580

---

[1]Insurance Code section 11580 (hereafter section 11580) provides that a policy insuring against loss or damage resulting from liability for injury suffered by another person shall not be issued or delivered in this state unless it contains: "A provision that whenever judgment is secured against the insured or the executor or administrator of a deceased insured in an action based upon bodily injury, death, or property damage, then an action may be brought against the insurer on the policy and subject to its terms and limitations, by such judgment creditor to recover on the judgment." (§ 11580, subd. (b)(2).)

(Stats. 1919, ch. 367, § 1, p. 776), noted that the purpose of the statute is to protect an injured party/judgment creditor of the insured against the bankruptcy or insolvency of the insured. (214 Cal. 743 at p. 746; see also *Zahn* v. *Canadian Indem. Co.* (1976) 57 Cal.App.3d 509, 512-513 [129 Cal.Rptr. 286].) The court added: "Our statute regulates to a certain defined extent private policies of indemnity insurance. It deprives the insurance carrier of the defense of insolvency or bankruptcy of the assured, and it permits an action to be brought by an injured party on the policy after judgment against the assured, but the action is 'subject to its terms and limitations.' The object of the statute, similar to that of most of the other acts, was to reach a particular evil and not to make this private voluntary contract serve the purpose of compulsory insurance. [Citations.] The proviso that the action is subject to the terms and limitations of the policy, if it means anything, means that the right of action is not absolute, but that there are some defenses available to the company. Of course, no defense can be set up which defeats the statutory object, and of this type is a stipulation involving the financial responsibility of the assured, or a requirement of proof of insolvency or bankruptcy, or return of execution unsatisfied. . . . [T]he provision must be one reasonably necessary for the protection of the insurance company, and one which can readily be complied with by the assured . . . ." (*Hynding* v. *Home Accident Ins. Co., supra*, 214 Cal. at pp. 751-752.)

The policy's requirement of judgment after actual trial, as a condition precedent to an action against defendant, satisfies these criteria. Section 11580 requires that a liability insurance policy provide for an action against the insurer "whenever judgment is secured against the insured." A judgment may be secured not only as the result of a trial on the merits, but also as the result of settlement or a compromise agreement. In the latter event both the fact and the amount of the insured's liability are fixed by agreement of the insured and the injured party. A judgment under these circumstances does not protect the insurer against collusion. (*Smithers* v. *Mettert* (Ind.Ct.App. 1987) 513 N.E.2d 660, 664, fn. 2.) On the other hand, a judgment against the insured after actual trial eliminates the possibility of collusion since it "imposes the requirement of an actual contest of issues and does not include a judgment entered by the court after the approval of a compromise settlement agreement by the insured and the injured party." (12A, Couch on Insurance (2d ed. 1981) § 45.866, p. 516, fns. omitted.) The requirement of judgment after actual trial thus is necessary for the protection of the insurer. It is also a requirement that the insured readily can meet by refusing to enter into a settlement or compromise agreement with the injured party absent the knowledge and consent of the insurer.

While section 11580 " 'cannot be enlarged, circumvented, defeated, or modified by any provision which the insurer may have elected to place in its

contract *in derogation of or in conflict therewith*' " (*Hynding* v. *Home Accident Ins. Co., supra,* 214 Cal. 743, 747, original italics), the policy's requirement of judgment after actual trial neither defeats the purpose of section 11580 nor conflicts with its provisions. On the contrary, the requirement protects defendant's legitimate interest in not being made to indemnify its insured pursuant to a judgment based on collusion between the insured and the injured party.

## II

■ Plaintiffs argue that, in any event, their judgment against the Hahns was entered after actual trial. The contention is without merit.

The term "judgment after actual trial" presupposes "a *contest* of issues leading up to final determination by court or jury, in contrast to a resolving of the same issues by agreement of the parties; i.e., *without a contest.*" (*Wright* v. *Allstate Insurance Co.* (Tex.Ct.App. 1955) 285 S.W.2d 376, 379-380, original italics.) The complaint alleged: "Judge Barr at the final hearing strongly suggested that the parties renew settlement discussions and enter into some type of stipulated judgment because he saw significant liability on the part of Mr. Hahn. The judge stated that the bulk of the damages incurred by the Roses were the result of Mr. Hahn's negligent conduct. Thus, *the parties,* including Mr. Hahn's counsel, who was paid by Royal, *entered into the judgment* which provided that $30,000.00 be allocated as the damages incurred as a result of Mr. Hahn's willful and intentional wrongdoing, while *the $1,058,800.00 judgment was agreed as the amount of damages stemming from Mr. Hahn's negligent conduct.*" (Italics added.)

■ On appeal from a judgment of dismissal following the sustaining of a demurrer without leave to amend, the reviewing court must accept as true not only all facts alleged in the complaint but also facts that may be implied or inferred from those expressly alleged. (*Estate of Lind* (1989) 209 Cal.App.3d 1424, 1430 [257 Cal.Rptr. 853].) ■ ■ From the allegations quoted above it reasonably may be implied that the judgment in plaintiffs' action against the Hahns was a consent judgment, i.e., merely a contract of the parties and entered by the court exercising an administrative function in simply recording what has been agreed upon. (*Wright* v. *Allstate Ins. Co., supra,* 285 S.W.2d at p. 379.) A consent judgment does not satisfy the requirement of a judgment after actual trial as a condition precedent to the maintenance of an action against the insurer. (*Id.,* at p. 380.)

## III

The no-action clause provides that defendant may be sued directly if the amount of the insured's obligation to pay was finally determined either by

judgment against the insured after actual trial or by "written agreement of the insured, the claimant and the company." The complaint does not show compliance with the latter alternative inasmuch as it alleges only that "counsel paid for by Royal to represent Hahn's interests in the bankruptcy matter consented to the judgment" entered in plaintiffs' action against the Hahns.

 Plaintiffs contend that defendant is estopped to deny its lack of consent because counsel for the Hahns, who was paid by defendant, consented to the judgment and defendant is bound by that consent because it failed to retain counsel to represent its interests.

Where an insurer is called upon to defend its insured, the attorney retained by the insurer may have a compelling interest in perfecting the insurer's position, whether or not it coincides with what is best for the insured. In the event of a conflict between the insurer and the insured as to the most beneficial course of action, the insurer cannot compel the insured to surrender control of the litigation but must, if necessary, secure independent counsel for the insured. (*Purdy* v. *Pacific Automobile Ins. Co.* (1984) 157 Cal.App.3d 59, 76 [203 Cal.Rptr. 524].) Further, where the divergent interests of the insurer and the insured are brought about by the insurer's reservation of rights based upon asserted noncoverage under the policy, the insurer must pay the reasonable cost of retaining independent counsel by the insured. (*San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.* (1984) 162 Cal.App.3d 358, 375 [208 Cal.Rptr. 494].) According to the allegations of the complaint, defendant complied with these requirements. However, plaintiffs argue, defendant's obligation to pay for independent counsel retained by the Hahns was separate and distinct from its obligation to provide a defense for them through "traditional defense counsel" who would have represented defendant's interests. Inasmuch as defendant failed to provide such counsel it may not now assert that the judgment was obtained without its consent.

The premise underlying plaintiffs' argument is false. The complaint alleged that defendant said the cost of the Hahns' defense in the underlying action under a full reservation of its right to deny that the policy covered liability for their conduct alleged in that action.[2] Under these circumstances, to require that defendant furnish counsel to represent its interest

---

[2]These allegations refute plaintiffs' contention that by denying coverage under the policy, defendant is estopped to assert the no-action clause as a defense to the present action. "[A]n insurer who assumes the defense of a disputed claim can avoid waiving coverage defenses and avoid estoppel by providing a sufficient and timely reservation of rights." (*Insurance Co. of the West* v. *Haralambos Beverage Co.* (1987) 195 Cal.App.3d 1308, 1320 [241 Cal.Rptr. 427].) The Hahns are deemed to have acquiesced in the reservation of rights by their alleged

would render meaningless the Hahns' right to representation by independent counsel acting to protect their interests, for counsel would be working at cross-purposes. As explained in *San Diego Federal Credit Union* v. *Cumis Ins. Society, Inc.*, *supra*, 162 Cal.App.3d 358, 364-365 [208 Cal.Rptr. 494]: "Opposing poles of interest are represented on the one hand in the insurer's desire to establish in the third party suit the insured's 'liability rested on intentional conduct' [citation], and thus no coverage under the policy, and on the other hand in the insured's desire to 'obtain a ruling . . . such liability emanated from the nonintentional conduct within his insurance coverage' [citation]. Although issues of coverage under the policy are not actually litigated in the third party suit, this does not detract from the force of these opposing interests as they operate on the attorney selected by the insurer, who has a dual agency status [citation]." (Fn. omitted.)

Aside from the foregoing reason for refusing to require that an insurer be represented by its own counsel in an action against its insured, the insurer is not a party to such an action and there is thus no authority for its appearance in the action.[3] ■ Under section 11580, an injured party must bring two lawsuits to collect a judgment from an insurer which issued a liability policy, first against the insured and then against the insurer. (*Billington* v. *Interinsurance Exchange* (1969) 71 Cal.2d 728, 744-745 [79 Cal.Rptr. 326, 456 P.2d 982].) "[T]he insured's liability must be established independently and not in an action brought directly against the insurer and the insurer may not be joined in the action against the insured." (*Zahn* v. *Canadian Indem. Co.*, *supra*, 57 Cal.App.3d 509, 514.) In accordance with these principles the no-action clause of the policy provides: "No person or organization shall have any right under this policy to join the company as a party to any action against the insured to determine the insured's liability, nor shall the company be impleaded by the insured or his legal representative."

## IV

■ Plaintiffs have failed to demonstrate that the demurrer was erroneously sustained. The only remaining question is whether the trial court abused its discretion in denying leave to amend. (See *Tafoya* v. *Hastings College* (1987) 191 Cal.App.3d 437, 440 [236 Cal.Rptr. 395].) "[W]hen [a

acceptance of defendant's offer to provide independent counsel. (See *Val's Painting & Drywall, Inc.* v. *Allstate Ins. Co.* (1975) 53 Cal.App.3d 576, 586 [126 Cal.Rptr. 267].)

[3]Civil Code section 2860, subdivision (f) provides: "Where the insured selects independent counsel pursuant to the provisions of this section, both the counsel provided by the insurer and independent counsel selected by the insured shall be allowed to participate in all aspects of the litigation. . . ." Because section 2860 became effective in 1988 the foregoing provision did not apply in plaintiffs' action against the Hahns, which ended with entry of judgment in December 1987.

demurrer] is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Blank* v. *Kirwan* (1985) 39 Cal.3d 311, 318 [216 Cal.Rptr. 718, 703 P.2d 58].) The plaintiff must show in what manner he or she can amend the complaint and how that amendment will change the legal effect of the complaint. (*Wade* v. *20th Century Ins. Co.* (1988) 206 Cal.App.3d 32, 39 [253 Cal.Rptr. 361].) Plaintiffs failed to sustain that burden because they did not indicate in the trial court, and do not indicate in this court, how they can amend their complaint to state a cause of action. (See *Jones* v. *Daly* (1981) 122 Cal.App.3d 500, 510-511 [176 Cal.Rptr. 130].)

DISPOSITION

The judgment is affirmed.

Johnson, J., and Woods (Fred), J., concurred.

Appellants' petition for review by the Supreme Court was denied February 27, 1992. Mosk, J., was of the opinion that the petition should be granted.