[No. G015069. Fourth Dist., Div. Three. Dec. 18, 1995.]

EARTH ELEMENTS, INC., et al., Plaintiffs and Appellants, v.
NATIONAL AMERICAN INSURANCE COMPANY OF CALIFORNIA,
Defendant and Respondent.

**COUNSEL**

Cripe & Graham, Gary E. Cripe and Ai Woodward for Plaintiffs and Appellants.

Gray, York, Duffy, Rattet & Mavridis, John J. Duffy and James B. Sanborn for Defendant and Respondent.

## Opinion

**RYLAARSDAM, J.**—An insurer failed to provide a defense to its insured for a potentially covered claim. The insured then settled the suit by agreeing to dismiss a counterclaim in exchange for a dismissal of the original suit. This case raises the issue of whether the loss of a chose in action is a contractual loss under the policy issued to the insured. The trial court entered judgment for defendant. We reverse.

### Statement of Facts

Mission American Insurance Company (Mission) issued a liability insurance policy to Earth Elements, Inc., and its president, Jeffrey Bennett (collectively Earth). Nutro Products, Inc. (Nutro), a business competitor of Earth, filed a complaint in federal court against Earth and Nature's Recipe, Inc. (Nature), a company related to Earth, for false and misleading advertising, unfair competition, dilution, trade disparagement and interference with prospective business relations. Earth and Nature filed an answer and Nature filed a counterclaim against Nutro. Earth tendered its defense to Mission. Mission failed to assume Earth's defense and did not agree to indemnify Earth.

Subsequently, the California Department of Insurance took over the operations of Mission. Thereafter, Nutro, Earth and Nature entered into a settlement of their respective lawsuits. Nutro dismissed its complaint and, in return, Nature dismissed its counterclaim.

Some months after this settlement, the California Department of Insurance entered into a "Reinsurance, Assignment and Assumption Agreement" with National American Insurance Company of California (National), whereby National assumed Mission's contractual liabilities. National did not assume any liabilities for Mission's breach of the covenant of good faith and fair dealing or claims arising under statutes specifying the duties of insurers.

Following National's assumption of Mission's contractual liability, Earth sued Mission and National for breach of contract, tortious breach of contract, breach of fiduciary duty and breach of statutory duties. Thereafter, Earth settled with Mission and continued to pursue only the breach of contract

claim against National. Subsequently, National agreed the claim was covered under the Mission policy and paid Earth's defense costs, leaving the issue of indemnity for judicial determination. The parties stipulated to have the matter heard without a jury based on stipulated facts and evidence and to submit a single question to the court: "Is the loss of a chose-in-action [*sic*] (i.e., [Nature's] counter-claim [*sic*]) a contractual loss under the insurance policy issued to Earth Elements?" The parties further agreed that, if the court answered in the affirmative, Earth would be entitled to $1 million, the policy limits. The court held the loss of the counterclaim was not a contractual loss and entered judgment in favor of National.

DISCUSSION

### 1. *Breach of Contract*

■ The primary issue is whether an insurer, which breaches its contractual duty to defend and indemnify an insured, may be responsible under a breach of contract claim to recompense the insured for the value of an intangible which was given to the third party claimant in settlement of that third party's claim. Here, the counterclaim filed against the third party claimant by a company related to the insured was dismissed in return for the settlement.

Preliminarily, we note the dismissed counterclaim was filed by Nature, not a named insured under the policy. Nonetheless, the parties treat the counterclaim as if it had been filed by the named insureds and National does not raise this issue. The parties have stipulated the value of the counterclaim is $1 million.

■ "An insurance company 'bears a duty to defend its insured whenever it ascertains facts which give rise to the potential of liability under the policy.' [Citation] Wrongful failure to provide coverage or defend a claim is a breach of contract. [Citations.] Accordingly, if an insurer 'erroneously denies coverage and/or improperly refuses to defend the insured' in violation of its contractual duties, 'the insured is entitled to make a reasonable settlement of the claim in good faith and may then maintain an action against the insurer to recover the amount of the settlement . . . .' [Citation.]" (*Isaacson* v. *California Ins. Guarantee Assn.* (1988) 44 Cal.3d 775, 791 [244 Cal.Rptr. 655, 750 P.2d 297].) Once the insurance contract has been breached by the insurer, the insured may elect to settle rather than risk an adverse judgment. It may then "sue the insurer 'to recover the amount of the settlement' plus defense costs." (*Xebec Development Partners, Ltd.* v. *National Union Fire Ins. Co.* (1993) 12 Cal.App.4th 501, 544 [15 Cal.Rptr.2d

726], quoting *Clark* v. *Bellefonte Ins. Co.* (1980) 113 Cal.App.3d 326, 335 [169 Cal.Rptr. 832].)

██ Here, National has conceded there was a breach of contract. Furthermore, instead of disputing the reasonableness of the settlement, National argues the consideration paid by the insured is not compensable under a breach of contract theory. National relies on *California Shoppers, Inc.* v. *Royal Globe Ins. Co.* (1985) 175 Cal.App.3d 1 [221 Cal.Rptr. 171] (*California Shoppers*), in arguing economic loss is not compensable as damages in a breach of contract case. While *California Shoppers* so holds, it does not resolve the issue here.

In *California Shoppers,* an insured sued its insurer after the insurer refused to defend and indemnify the insured in a third party action. The court affirmed the award of damages for the amount paid by the insured to satisfy the third party judgment, on a breach of contract theory. The court also affirmed an award of damages for expenses incurred by the insured in defending the third party action as contract damages for breach of the duty to defend. The court, however, denied the claim for additional economic loss allegedly incurred by the insured.

The additional economic loss claim in *California Shoppers* was based upon the insured's contention that, because of the insurer's failure to defend, the insured was forced to sell a publishing enterprise for less than its potential value in order to fund the defense of the third party claim. In denying this claim, the court discussed the scope of recoverable damages for breach of contract: "[I]nterpreting the two sections of the Civil Code [sections 3300 and 3333], the rule clearly applicable is that measuring the scope of recoverable damages in breach of contract cases must be restricted to such damages as were actually contemplated by or within the reasonable contemplation of the parties at the time they entered into the contract. Moreover this measure, i.e., 'within the reasonable contemplation of the parties,' [citation] is something much more limited in scope than that applied in tort cases where the fiction of foreseeability of the risk is one of many factors woven into the complicated fabric which finally is labeled proximate cause in such cases." (*California Shoppers, supra,* 175 Cal.App.3d at p. 59.)

Here, the breach was also a failure to defend an action brought within a risk contemplated by the policy. Unlike *California Shoppers,* however, the damage suffered was not a consequential loss suffered as a result of the breach of the duty to defend. The damage was the payment made to settle a covered claim, i.e., damages directly resulting from a breach of the duty to

indemnify, something clearly within the contemplation of the parties at the time they entered into the insurance contract. The issue here is whether Earth is entitled to be compensated for the value of that which it gave up in return for the settlement. That answer is clearly yes. Even in *California Shoppers*, the Court of Appeal affirmed the award to the insured of the $86,500 incurred by it in satisfying the judgment awarded against it in the third party action. Rather than allow the matter to proceed to judgment, Earth was entitled to settle and sue the insurer to recover the amount of the settlement.

A chose in action was given as consideration for a settlement. There is no analytical distinction between surrendering money in exchange for a settlement and exchanging any other item of value. While the value of money is apparent on its face, an intangible item is equally capable of being evaluated. Whether the insured gave up money or a chose in action, the consideration for the settlement had a value which is compensable because of the breach of the contractual duty to indemnify. Earth is entitled to be compensated for the value of the consideration paid in settlement of the third party claim. Since the parties have already stipulated that the chose in action was worth $1 million, appellant is entitled to judgment in that amount.

## 2. *No Action Clause*

██ National contends Earth may not bring a breach of contract action against National because of the "no action" clause of the policy. That clause provides: "No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all terms of this the policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company."

Pursuant to stipulation, the parties submitted only one issue to the trial court, whether a chose in action is a compensable claim. They agreed an affirmative answer to that question would entitle appellant to judgment for $1 million. The argument based on the "no action" clause was therefore waived. Even if it were not, National's argument regarding the no action clause is without merit.

A "no action" clause is intended to preclude actions by the injured third party against the insurer until damages have been fixed by a final judgment or agreed settlement. Such clauses are to prevent collusive settlements between the insured and the claimant before a final judgment. (*Rose* v. *Royal Ins. Co.* (1991) 2 Cal.App.4th 709, 716 [3 Cal.Rptr.2d 483].)

This clause however, does not bar an action by the insured against the insurer. The insured may sue to enforce the insurer's duty to defend and

indemnify without a final judgment being entered in the underlying third party action. (*Eureka Federal S & L* v. *American Cas. Co. of Reading* (9th Cir. 1989) 873 F.2d 229, 232-233; Croskey et al., Cal. Practice Guide: Insurance Litigation 2 (The Rutter Group 1995) ¶ 7:394, p. 7A-71.) Earth's action against National is for National's failure to defend and indemnify. The action is not barred by the no action clause.

The judgment is reversed and the trial court is directed to enter judgment in favor of Earth in accordance with the stipulation of the parties and this opinion. Earth shall recover its costs on appeal.

Sonenshine, Acting P. J., and Wallin, J., concurred.

A petition for a rehearing was denied January 8, 1996, and respondent's petition for review by the Supreme Court was denied March 21, 1996.