STATE OF MAINE                                      SUPERIOR COURT
CUMBERLAND, ss                                      CIVIL ACTION
                                                    DOCKET NO. CV-17-324  ✓

REC'D CUMB CLERKS OF
MAR 19 '18 PM2:04

BETHANY LOUISOS,

      Plaintiff                      ORDER ON DEFENDANT'S MOTION FOR
                                                    SUMMARY JUDGMENT, PLAINTIFF'S
v.                                                  MOTION TO AMEND COMPLAINT, AND
                                                    MOTION TO INTERVENE OF PROGRESSIVE
PETER POMPEO,                                       NORTHWESTERN INSURANCE COMPANY

      Defendant

Before the court are defendant Peter Pompeo's motion for summary judgment, plaintiff's

motion to amend complaint, and Progressive Northwestern Insurance Company's motion to

intervene. For the following reasons, the motion for summary judgment is granted, the motion to

amend complaint is denied, and Progressive's motion to intervene is moot.

FACTS

This claim arises out of a car accident on August 27, 2011. (Supp'g S.M.F. ¶ 1.) Defendant

was driving a vehicle owned by Michael Hackett. (Supp'g S.M.F. ¶ 2.) Mr. Hackett was insured

by Concord General Insurance Company and his policy limits were $100,000.00. (Supp'g S.M.F.

¶ 3.) Defendant was insured by Progressive Northwestern Insurance Company with policy limits

of $500,000.00. (Supp'g S.M.F. ¶ 4.)

On November 16, 2016, plaintiff's attorney, David Weyrens,[1] sent Concord a letter and

demanded the policy limits to settle the claim. (Supp'g S.M.F. ¶ 5.) On December 20, 2016,

---

[1] Plaintiff's original attorney, Timothy Zerillo, worked with Attorney Weyrens at Hallett, Zerillo, and
Weyrens. (Pl.'s Add. S.M.F. ¶¶ 2, 12; Weyrens Aff. ¶ 20, Ex. J.)

1

Progressive sent plaintiff's attorney a letter stating that the policy limits for Kelly Pompeo's excess policy were $500,000.00. (Supp. S.M.F. ¶ 6.)[2] The letter was addressed to plaintiff's attorney at the address of Zerillo Law Offices, as listed on the notice of claim. (Id.; Pl.'s Add. S.M.F. ¶ 5; Weyrens Aff. ¶ 8, Ex. C.) On December 21, 2016, Progressive's claims representative sent an email to plaintiff's attorney and a paralegal at his law firm. (Supp'g S.M.F. ¶ 7.) Plaintiff does not deny that the letter and the email were received. (Pl.'s Reply S.M.F. ¶¶ 6-7.) Instead, plaintiff states that Attorney Weyrens "never saw this letter prior to the execution of the release in this matter." (Pl.'s Reply S.M.F. ¶ 7; Weyrens Aff. ¶ 18; Pl.'s Add. S.M.F. ¶ 18.)[3] Attorney Weyrens "assumed that Progressive's generic reference to the Progressive coverage in the December 21, 2016 email referred to Louisos'[s] coverage." (Pl.'s Add. S.M.F. ¶ 18.)

On January 6, 2017, plaintiff executed a release agreement, in which she released Mr. Hackett, Mr. Pompeo, and Concord from all future claims resulting from the August 27, 2011 accident. (Supp'g S.M.F. ¶ 8; Pl.'s Add. S.M.F. ¶¶ 19-20; Brogan Aff. ¶¶ 4, 11-15.)[4] Plaintiff filed this law suit against defendant on August 25, 2017. (Supp'g S.M.F. ¶ 9.) Defendant has asserted the affirmative defense of release and accord and satisfaction. (Supp'g S.M.F. ¶ 10; Ans. Affirmative Defenses 1-2.)

## STANDARD OF REVIEW

### Summary Judgment

Summary judgment is appropriate if the record reflects that there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R. Civ. P. 56(c). "A

---

[2] The parties dispute whether a copy of Progressive's policy's declarations page was sent. (Supp'g S.M.F. ¶ 6; Pl.'s Reply Supp. S.M.F. ¶ 6.)

[3] In the proposed amended complaint, plaintiff pleads that the letter arrived just days before the settlement. (Am. Compl. ¶ 27.)

[4] In the proposed amended complaint, plaintiff pleads that she settled her claim against defendant on January 6, 2017. (Am. Compl. ¶ 30.)

2

material fact is one that can affect the outcome of the case, and there is a genuine issue when there is sufficient evidence for a fact-finder to choose between competing versions of the fact." Lougee Conservancy v. CitiMortgage, Inc., 2012 ME 103, ¶ 11, 48 A.3d 774 (quotation omitted).

### Motion to Amend

Rule 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." M.R. Civ. P. 15(a); see Crysler Credit Corp. v. Bert Cote's L/A Auto Sales, 1998 ME 53, ¶ 15, 707 A.2d 1311. When a motion to amend is filed after a defendant has moved for summary judgment, however, the proposed amendments must "have substantial merit and be supported by substantial and convincing evidence. In that context, a plaintiff's motion to amend is an attempt to alter the shape of the case in order to defeat summary judgment." Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir, 1996) (citations omitted); see Resolution Trust Corp. v. Gold, 30 F.3d 251,253 (1st Cir. 1994); see also Northeast Federal Credit Union v. Neves, 837 F.2d 531, 536 ("Federal courts need not tiptoe through empty formalities to reach preordained results.")

### DISCUSSION

### Defendant's Motion for Summary Judgment

Plaintiff has failed to raise an issue of material fact regarding the validity of the January 6, 2017 release. See Glynn v. Atlantic Seaboard Corp., 1999 ME 53, ¶ 10, 728 A.2d 117 (stating that a valid release will extinguish a cause of action but a release will be set aside if it is the product of fraud, misrepresentation, or overreaching); Dowling v. Bangor Hous. Auth., 2006 ME 136, ¶ 16, 910 A.2d 376 (reliance on a purportedly fraudulent misrepresentation is unjustified if the plaintiff knows the representation is false). Communications from Progressive about excess policy limits of $500,000.00 for this accident were received by plaintiff's attorney before the release agreement

3

was entered and signed. On this record, plaintiff released her claims arising from this accident against defendant, Mr. Hackett, and Concord.

### Plaintiff's Motion to Amend Complaint

Plaintiff proposes to amend her complaint to add Concord, Rod Clark, and Progressive as defendants. Plaintiff proposes to add claims for fraud and negligent misrepresentation against Concord and Mr. Clark and a request for a declaratory judgment against Mr. Pompeo, Concord, and Progressive that the release was the product of fraud, misrepresentation, or mistake. Plaintiff subsequently filed a dismissal of Progressive. M.R. Civ. P. 41(a).

Plaintiff alleges no fraud or negligent misrepresentation by defendant. Plaintiff's allegations about Mr. Clark, an agent of Concord, and Concord are not stated with particularity. M.R. Civ. P. 9(b). Plaintiff's sole allegation, that "Concord adjuster Rod Clark explicitly represented to Ms. Louisos'[s] counsel during a November 2016 telephone conversation that no other insurance policies existed besides Mr. Hackett's $100,000 Concord policy" is contrary to the record on the motion for summary judgment. (Pl.'s Am. Compl. ¶ 25; Pl.'s Add. S.M.F. ¶ 16.)[5] Although plaintiff alleges Progressive's letter was "incorrectly addressed," the letter was sent to the address on plaintiff's notice of claim. (Pl.'s Am. Compl. ¶ 27; Pl.'s Add. S.M.F. ¶ 5; Weyrens Aff. ¶ 8, Ex. C.) Plaintiff admits in the proposed amended complaint that the information about

---

[5] Similarly, plaintiff's argument in her opposition to the motion for summary judgment that "Concord, in negotiating Louisos'[s] claims with her counsel, denied that Pompeo was insured by Progressive and represented that Pompeo's only available insurance policy was the $100,000 Concord policy" is not supported by the record citation. (Pl.'s Opp. to Mot. for Summary Judgment 2; Pl.'s Add. S.M.F. ¶ 16; see also Pl.'s Reply Mem. Mot. to Amend 4.) The court is unaware of any duty on the part of Concord to investigate coverage for plaintiff. See Linscott v. State Farm Mut. Auto. Ins. Co., 368 A.2d 1161, 1163 (Me. 1977) ("A 'duty of good faith and fair dealing' in the handling of claims runs only to an insurance company's insured"). In fact, the release signed by plaintiff provides: "*WARNING* – Signing this document may affect your right to claim benefits under your uninsured or underinsured motorist coverage. Check with your own automobile insurance company or insurance agent before signing." (Supp'g S.M.F. ¶ 8, Ex. 5.)

4

the Progressive policy arrived before the release was executed. (Am. Compl. ¶ 27.) Accordingly, a showing by plaintiff of justifiable reliance is precluded. See Dowling, 2006 ME 136, ¶ 16, 910 A.2d 376 (stating the elements of fraudulent misrepresentation); Binette v. Dyer Library Ass'n, 688 A.2d 898, 903 (Me. 1996) (stating the elements of negligent misrepresentation).

Plaintiff argues that defendant cannot object on behalf of Concord and Mr. Clark. Proposed additional defendants typically will not object to a motion to amend because they will be served after the motion is granted. Courts deny such motions if the motion would be futile. See McGee v. Andre Benjamin 3000, No. 08-11818-DPW, 2012 U.S. Dist. LEXIS 37210, at **38-40 (D. Mass. Mar. 20, 2012) (denying plaintiff's motion for leave to amend the complaint to include additional defendants due to futility); Hofland v. LaHaye, No. 1:09-cv-00172-JAW, 2010 U.S. Dist. LEXIS 118288, at **12-14 (D. Me. Nov. 4, 2010) (denying plaintiff's motion to amend the complaint "because to allow the amendment would be futile and the additional defendants would be summarily dismissed pursuant to 28 U.S.C. § 1915A(b).").

The court concludes the motion to amend does not have substantial merit and is not supported by substantial and convincing evidence. Any amended complaint would be subject to a motion to dismiss. See Glynn v. City of South Portland, 640 A.2d 1065, 1067 (Me. 1994). For the same reasons, plaintiff's request to conduct additional discovery before the motion for summary judgment is decided is denied. M.R. Civ. P. 56(f).

### Progressive's Motion to Intervene

This motion is moot.

The entry is

> Defendant's Motion for Summary Judgment is GRANTED. Judgment is entered in favor of Defendant Peter Pompeo and against Plaintiff Bethany Louisos on Plaintiff's Complaint.

Plaintiff's Motion to Amend Complaint is DENIED.

Progressive Northwestern Insurance Company's Motion to Intervene is MOOT.

Date: March 19, 2018

Nancy Mills
Justice, Superior Court