**Larry JULIAN, Plaintiff,**

**v.**

**NEW HAMPSHIRE INSURANCE COMPANY, a New Hampshire corporation; and First State Insurance Company, a Massachusetts Corporation, Defendants.**

**No. C88–0065J.**

United States District Court, D. Wyoming.

Sept. 2, 1988.

J. Douglas McCalla, Spence, Moriarity & Schuster, Jackson, Wyo., for plaintiff.

Harold F. Buck, Kline, Buck & Asay, Cheyenne, Wyo., for New Hampshire Ins. Co.

James W. Owens and James R. Bell, Murane & Bostwick, Casper, Wyo., for defendants.

## ORDER GRANTING MOTIONS TO DISMISS

JOHNSON, District Judge.

The sole issue presented is whether the Wyoming Unfair Trade Practices Act, Wyo. Stat. §§ 26–13–101 to 26–13–124, creates a private right of action in third-party claimants. Because no such right is expressly created, the question is whether such a right may properly be implied. This question presents a pure question of law.

In construing statutes, a court must discover the legislature's intent in enacting the law. A court relies on language of the statute for guidance as to legislative intent. *McGuire v. McGuire*, 608 P.2d 1278, 1285 (Wyo.1980) (citing *Yeik v. Department of Revenue and Taxation*, 595 P.2d 965 (Wyo. 1979); *Wyo. State Treasurer v. City of Casper*, 551 P.2d 687 (Wyo.1976)). If the statutory language is sufficiently clear, the court need not resort to rules of construction. If the language is ambiguous, a court resorts to rules of construction to determine legislative intent. *State ex rel. Motor Vehicle Division v. Holtz*, 674 P.2d 732, 736 (Wyo.1983).

Plaintiff, a third-party claimant, sues defendants for various unfair claim settlement practices under Article 1 of the Unfair Trade Practices Act, Wyo.Stat. § 26–13–124 (Supp. June 1988).[1] Plaintiff alleges that he falls within a category of people that the legislature intended to protect in enacting the law, and that a private right of action must be implied from that law. Complaint, ¶ 30.

1. Plaintiff alleges that the following portions of the act have been violated:

   (a) A person is considered to·be engaging in an unfair method of competition and unfair and deceptive act or practice in the business of insurance if that person commits or performs with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

   (i) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

   (ii) Failing to acknowledge an act reasonably promptly upon communications with respect to claims arising under insurance policies;

■ Plaintiff notes that sub-sections (a)(xi) and (xii) of Wyo.Stat. § 26–13–124 contain the words "insureds or claimants" and argues that this evinces the legislature's intent to provide a private right of action:[2]

   (xi) Making known to insureds or claimants a policy of appealing from arbitration awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

   (xii) Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

The court acknowledges that unfair claim settlement practices of an insurer may arise from an insurer's conduct toward insureds and claimants. The court finds nothing, however, indicating legislative intent to provide a private action under the statute to anyone against whom an unfair claim settlement practice can be committed. If that were the case, physicians of either an insured or a claimant would be equally permitted to pursue a private action under the statute. Wyo.Stat. § 26–13–124(a)(xii). Such an intent cannot reasonably be ascribed to the legislature.

■ Plaintiff next argues for a private right of action based on Wyo.Stat. § 26–13–115(d), (f) (Supp. June 1983), which provide as follows:

   (iii) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

   (vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

   (xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

2. Plaintiff does not sue for an unfair claims settlement practice under either of these subsections referring to "claimants."

(d) No order of the commissioner pursuant to this section or order of the court to enforce it in any way relieves or absolves any person affected by the order from any other liability, penalty or forfeiture under law.

\* \* \* \* \* \*

(f) This section does not affect or prevent the imposition of any penalty provided by this code or by other law for violation of any other provision of this chapter, whether or not any hearing is called or held or any desist order issued.

These provisions make it clear that the commissioner's orders under Wyo.Stat. § 26–13–115 are supplementary to any other liability, penalty, or forfeiture under law, or any penalty provided by the Insurance Code or by other law for violation of any other provision of Chapter 13 of the Insurance Code, Trade Practices, and Frauds. Nothing in either provision, in this court's view, creates a new cause of action.

■ Plaintiff argues that he is entitled to a private cause of action based on Wyo. Stat. § 26–15–124(c) (Supp. June 1983), which provides as follows:

(c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

Although this court acknowledges that this section provides a private right of action under the stated circumstances, the court does not believe that it relates to a private cause of action under Wyo.Stat. § 26–13–124 (unfair claim settlement practices).

■ The court recognizes that a minority of courts have allowed a private cause of action under their state's statutes governing unfair trade practices. *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065, 1067 (1983); *Jenkins v. J.C. Penney Casualty Insurance Company*, 167 W.Va. 597, 280 S.E.2d 252, 254–60 (W.Va.1981); *Royal Globe Insurance Company v. Superior Court*, 23 Cal.3d 880, 153 Cal.Rptr. 842, 845–48, 592 P.2d 329, 332–35 (1979). The statutes in each of these cases are distinguishable from Wyoming's.

In *Klaudt*, the Montana Supreme Court found it "relatively clear" that third-party claimants were protected by its unfair claims settlement practices act, Mont.Code Ann. § 33–18–201. The Montana Act is similar to Wyoming's in that it lists "claimants" in two subsections. Based upon this insertion, the Montana Supreme Court found that claimants were owed an obligation or duty under the statute. After examining Mont.Code Ann. § 33–18–1004(5) (the substantial equivalent of Wyo.Stat. § 26–13–115(f)), the court found it "clear that a private cause of action can be maintained." 658 P.2d at 1067. This was so because the insurer breached an obligation to the third-party claimant. In finding a private cause of action, the court relied upon Mont.Code Ann. § 27–1–104(1) which "points out a civil action arises out of a breach of an obligation." *Id.* Wyoming has no such statute.

In *Jenkins*, the Supreme Court of Appeals of West Virginia allowed a private action by a third-party claimant under its Unfair Insurance Claims Settlement Practices Act, which is similar to Wyoming's. 280 S.E.2d at 255 n. 5. In doing so, the court relied upon a statute allowing "recovery of damages sustained by reason of the violation of any statute." 280 S.E.2d at 255. The court then noted that "[w]e are virtually the only jurisdiction that permits a private cause of action for violations of statutes requiring sidewalks to be in good repair." (Citations omitted). Once more, Wyoming has no corresponding statute.

In *Royal Globe Insurance Company*, the California Supreme Court allowed a

private action for a third-party claimant under its unfair practices act, Cal.Ins.Code § 790 et seq. The stated unfair and deceptive acts or practices are similar to Wyoming's. 153 Cal.Rptr. at 844 n. 1, 592 P.2d at 331 n. 1. The remedy provision under the California act, however, is different from Wyoming's. Section 790.09 provides that a cease and desist order issued by the commissioner under the provisions of the act shall not absolve an insurer from *"civil liability* or criminal penalty *under the laws of this State arising out of the methods, acts, or practices found unfair or deceptive."* 153 Cal.Rptr. at 845, 592 P.2d at 332 (emphasis supplied in the decision). The remedy found at Wyo.Stat. § 26–13–115(d), (f) is not nearly this specific.

The majority of cases do not allow a private action for insureds or claimants under their state's unfair trade practices acts. As summarized in *O.K. Lumber Company, Inc. v. Providence Washington Insurance Company,* 759 P.2d 523 (Alas.1988), Arizona and Connecticut allow a private cause of action for insureds, but have not addressed the rights of third party claimants. *See Sparks v. Republic National Life Insurance Company,* 132 Ariz. 529, 647 P.2d 1127, 1138 (Ariz.1982), *cert. denied, Republic National Life Insurance Company v. Sparks,* 459 U.S. 1070, 103 S.Ct. 490, 74 L.Ed.2d 632 (1982); *Griswold v. Union Labor Life Insurance Company,* 186 Conn. 507, 442 A.2d 920, 925–26 (Conn. 1982). Illinois, Nevada, and Wisconsin have refused to imply a statutory right of action in favor of third-party claimants, but have not addressed whether an insured has an implied cause of action. *Tweet v. Webster,* 614 F.Supp. 1190 (D.Nev.1985); *Scroggins v. Allstate Insurance Company,* 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 685–86, 393 N.E.2d 718, 721–22 (Ill.1979); *Kranzush v. Badger State Mutual Casualty Company,* 103 Wis.2d 56, 307 N.W.2d 256, 265–68 (1981). Colorado, Kansas, and Minnesota do not allow either insureds or third-party claimants a private cause of action. *Earth Sciences v. United States Fidelity & Guaranty Company,* 619 F.Supp. 1465, 1468–71 (D.Kan.1985);

*Farmers Group, Inc. v. Trimble,* 658 P.2d 1370, 1377–78 (Colo.App.1982); *Morris v. American Family Mutual Insurance Company,* 386 N.W.2d 233, 236–38 (Minn. 1986). This court is persuaded by the reasoning contained in decisions unwilling to imply a private right of action.

As with the acts in other states, Wyoming penalizes unfair claims settlement practices that are committed or performed with such frequency as to indicate a general business practice. As such, "it does not readily lend itself to enforcement by a private cause of action arising from a single claim." *O.K. Lumber Company, Inc.,* 759 P.2d at 524 (citing *Earth Sciences,* 619 F.Supp. at 1471; *Trimble,* 658 P.2d at 1378). Second, the Wyoming Insurance Commissioner has power to examine and inquire into violations of the Insurance Code, enforce the Insurance Code with impartiality, execute the duties imposed upon him by the Insurance Code, and have the powers and authority expressly conferred upon him by or reasonably implied from this code. Wyo.Stat. § 26–2–109(a)(ii)–(v) (Supp. June 1983). Finally, as illustrated by Wyo.Stat. § 26–15–124(c), the Wyoming Legislature knows how to expressly create a private right of action if it chooses to do so. Having reviewed Wyo.Stat. § 26–13–124 (unfair claims settlement practices), this court cannot conclude that the legislature intended to create a private right of action under this section.

IT IS THEREFORE ORDERED that defendants' motions to dismiss are GRANTED.