**Rodney R. HERRIG and Larry G. Bean, as next friend and guardian of Kelsey Lynn Herrig and Natalie Sue Herrig, minors, Appellants (Plaintiffs),**

v.

**Angela HERRIG and Farmers Insurance Exchange, a/k/a Farmers Insurance Group, Appellees (Defendants).**

No. 92–116.

Supreme Court of Wyoming.

Dec. 28, 1992.

Stephen R. Winship of Donald R. Winship & Associates, P.C., Casper, for appellants.

George E. Powers, Jr. of Godfrey & Sundahl, Cheyenne, for appellees.

Before MACY, C.J., and THOMAS, CARDINE, URBIGKIT and GOLDEN, JJ.

MACY, Chief Justice.

Appellants Rodney R. Herrig and Larry G. Bean, as the next friend and guardian of Kelsey Lynn Herrig and Natalie Sue Herrig, filed a multiple-count complaint against Appellee Farmers Insurance Exchange to recover compensatory and punitive damages, as well as attorney's fees and interest, for alleged bad faith settlement practices. The district court dismissed the complaint for failure to state a claim upon which relief could be granted and denied Appellants' motion to amend the complaint.

We affirm.

The issues we must address are:

1. Whether Appellants may assert a bad faith action against Farmers Insurance for an alleged breach of the duty of good faith and fair dealing;

2. Whether Appellants may assert a private cause of action against Farmers Insurance for an alleged violation of Wyo.Stat. § 26–13–124 (1991), the unfair-claims-settlement-practices provision of the Wyoming Insurance Code;

3. Whether Appellants may assert a private cause of action against Farmers Insurance for an alleged violation of Wyo.Stat. § 26–15–124 (1991), the unreasonable-claim-denial provision of the Wyoming Insurance Code; and

4. Whether Appellants may assert a private cause of action against Farmers Insurance for an alleged violation of the Wyoming Consumer Protection Act, Wyo.Stat. §§ 40–12–101 to –112 (1977 & Supp.1992).

Rodney Herrig, his wife, Angela, and their two daughters, Kelsey and Natalie, enjoyed a picnic in the mountains west of Buffalo, Wyoming, on July 15, 1990. As the Herrigs were returning from the picnic, Angela was driving the family's van when she lost control of the vehicle and rolled it. Rodney, Angela, and Natalie escaped serious physical injury. Kelsey, however, was pinned under the van and suffered a brain injury diagnosed as "sixth nerve palsy." As a result of this injury, Kelsey received physical therapy to improve her left-body motor control. She also underwent several surgeries to restore her left-side vision and hearing.

At the time of the accident, Rodney and Angela were named insureds under an E–Z Reader Car Policy issued by Farmers Insurance. The liability provision of the policy provided:

We will pay **damages** for which any **insured person** is legally liable because of **bodily injury** to any person ... arising out of the ownership, maintenance or use of a **private passenger car**, a **utility car**, or a **utility trailer**.

Rodney and his daughters submitted a policy limits settlement demand on August 6, 1991, to Farmers Insurance for their injuries. In essence, this demand asserted that Angela was liable for their injuries and that their injuries exceeded the policy limits. Farmers Insurance apparently failed to respond. Consequently, Rodney and his daughters filed a four-count complaint on October 11, 1991, against Angela and Farmers Insurance. Count I alleged that their injuries were the proximate result of Angela's negligent operation of the van. Count II alleged that Farmers Insurance engaged in unfair claims settlement practices in violation of § 26–13–124. Count III alleged that Farmers Insurance violated § 26–15–124 by failing to respond to their settlement offer within forty-five days. Count IV alleged that their injuries were aggravated by Farmers Insurance's dilatory settlement practices.

Farmers Insurance filed a W.R.C.P. 12(b)(6) motion to dismiss in lieu of an answer. Rodney and his daughters filed a traverse to the dismissal motion and a W.R.C.P. 15[1] motion to amend their complaint. The amended complaint asserted

---

1. Revised effective March 24, 1992.

three additional counts against Farmers Insurance. Count IV alleged that Farmers Insurance breached its insurance contract with Rodney. Count V alleged that Farmers Insurance violated the Wyoming Consumer Protection Act. Count VI alleged that Farmers Insurance tortiously breached the duty of good faith and fair dealing. Count VII was a reiteration of the original complaint's Count IV.

Following a December 6, 1991, motion hearing, the district court entered an order which (1) dismissed Count I of the complaint to the extent that it sought recovery from Farmers Insurance, (2) dismissed Counts II through IV of the complaint, and (3) denied the motion to amend the complaint. Subsequent to this order, Rodney and his daughters settled their liability claims against Angela, preserving for appeal only the district court's rulings on those counts relative to Farmers Insurance's settlement practices.

■■■ When reviewing a W.R.C.P. 12(b)(6) dismissal, this Court accepts all facts stated in the complaint as being true and views them in the light most favorable to the plaintiff. *Nulle v. Gillette–Campbell County Joint Powers Fire Board*, 797 P.2d 1171 (Wyo.1990). We will sustain a W.R.C.P. 12(b)(6) dismissal only when it is certain from the face of the complaint that the plaintiff cannot assert any facts which would entitle him to relief. *Mostert v. CBL & Associates*, 741 P.2d 1090 (Wyo. 1987). Consonant with these rules is our position that leave to amend a complaint under W.R.C.P. 15 should be freely granted when the amendment will serve a good purpose and when it will not unduly prejudice the defendant. *Blanton v. Federal Deposit Insurance Corporation*, 706 P.2d 1111 (Wyo.1985). A district court's denial of a motion to amend will be reversed, however, only when it constitutes an abuse of discretion. *Johnson v. Aetna Casualty & Surety Co. of Hartford, Conn.*, 608 P.2d 1299 (Wyo.1980), *after remand*, 630 P.2d 514, *appeal dismissed and cert. denied*, 454 U.S. 1118, 102 S.Ct. 961, 71 L.Ed.2d 105 (1981).

For the purpose of analysis, we address the issues in the order presented above rather than in the order they would arise if we were to review the district court's rulings count by count. Thus, the first issue for our consideration is whether Appellants may assert a bad faith action against Farmers Insurance for its failure to settle their liability claims against Angela as expeditiously as desired. In Counts IV and VI of their amended complaint, Appellants asserted bad faith actions against Farmers Insurance in contract and tort for breach of the duty of good faith and fair dealing. The district court denied Appellants' motion to amend their complaint to add Counts IV and VI on the ground that Appellants were third-party claimants to whom Farmers Insurance owed no duty of good faith and fair dealing.

■■■ The duty of good faith and fair dealing which is implied by law to inhere in every insurance policy runs from the insurer to the insured. 14 G. Couch, Couch on Insurance § 51:136 (2d ed. 1982). Breach of this duty may give rise to a cause of action for "third party" bad faith or for "first party" bad faith. A cause of action for "third party" bad faith will lie when a liability insurer fails in bad faith to settle a third-party claim within policy limits against its insured. *Western Casualty and Surety Company v. Fowler*, 390 P.2d 602 (Wyo.1964). Bad faith in this context would occur if an excess judgment were obtained under circumstances when the insurer failed "to exercise intelligence, good faith, and honest and conscientious fidelity to the common interest of the [insured] as well as of the [insurer] and [to] give at least equal consideration to the interest of the insured." *Id.* at 606. A cause of action for "first party" bad faith will lie when an insurer in bad faith refuses to pay its insured's direct claim for policy benefits. *McCullough v. Golden Rule Insurance Co.*, 789 P.2d 855 (Wyo.1990). Bad faith in this context would occur if an insurer knowingly or recklessly denied a first-party claim for insurance benefits without having a reasonable basis for doing so. *Id.* at 860. An action for "first party" bad faith will also lie when an insurer fails to inform its

insured of first-party policy benefits where the insured brings a third-party liability claim against another of the insurer's insureds and "it is apparent to the insurer that (1) there is a strong likelihood that its insured only can be compensated fully under her own policy and (2) the insured has no basis to believe that [she] must rely upon [her] policy for coverage." *Darlow v. Farmers Insurance Exchange,* 822 P.2d 820, 828 (Wyo.1991).

■ As disclosed by the facts of this case, Appellants do not fit the mold necessary to bring an action against Farmers Insurance for either "third party" or "first party" bad faith. Appellants are third-party claimants against Farmers Insurance in its capacity as the liability insurer for Angela. They make no allegation that Farmers Insurance failed to inform them of first-party benefits under the Farmers Insurance policy. Rather, this portion of the case deals exclusively with whether this Court will extend the duty of good faith and fair dealing which runs from an insurer to its insured to also run to its insured's adversary—the third-party claimant.

■ Appellants advance two arguments as to why they should be able to maintain a bad faith action against Farmers Insurance. First, Appellants argue that Farmers Insurance owes a duty of good faith and fair dealing to them because Rodney has a contractual relationship with Farmers Insurance. Similar arguments have been advanced and rejected in the analogous double-insured context. Double-insured cases occur when both the tort-feasor and an injured party are insured by the same insurer, although usually under different policies. In these cases, the courts almost universally hold that the insurer does not owe a duty of good faith and fair dealing to the injured party when he asserts a third-party claim against another of the insurer's insureds. *See Chavez v. Chenoweth,* 89 N.M. 423, 553 P.2d 703 (Ct.App. 1976); *Pixton v. State Farm Mutual Automobile Insurance Co. of Bloomington, Illinois,* 809 P.2d 746 (Utah Ct.App.1991); and *Caserotti v. State Farm Insurance*

*Company,* 791 S.W.2d 561 (Tex.Ct.App. 1990).

When faced with this issue, courts simply refuse to place an insurer in the untenable position of owing a duty of good faith and fair dealing to both the insured and the adversary of the insured, whether in the double-insured context or not. In *Linscott v. State Farm Mutual Automobile Insurance Company,* 368 A.2d 1161 (Me.1977), the Maine Supreme Court explained:

> The pre-trial negotiations which may be conducted between a tort claimant and a defending insurance company are adversary in nature and, hence, will not give rise to a duty to bargain in good faith, as claimed by plaintiff. A "duty of good faith and fair dealing" in the handling of claims runs only to an insurance company's insured; it derives from a covenant implicit in the provisions of the insurance contract establishing the insurer as the authorized representative of the insured and is, therefore, without application for the benefit of the adversary third party tort claimant. Indeed, that the insurer is the representative of the insured logically imports that the third party tort claimant's status as the adversary of the insured renders him, ipso facto, the adversary of the insured's agent. Thus, prior to the establishment of legal liability, as the tort claimant has no legal right to require the tortfeasor to negotiate or settle, it likewise lacks right to require such action by his representative. This is true even if it is the insurer which voluntarily initiates the pre-litigation negotiations with the injured tort claimant.

368 A.2d at 1163–64 (citations omitted). *Accord, Bates v. Allied Mutual Insurance Company,* 467 N.W.2d 255 (Iowa 1991); *O.K. Lumber Company, Inc. v. Providence Washington Insurance Company,* 759 P.2d 523 (Alaska 1988); *Allstate Insurance Company v. Amick,* 680 P.2d 362 (Okla.1984); *Kranzush v. Badger State Mutual Casualty Company,* 103 Wis.2d 56, 307 N.W.2d 256, 265 (1981). We are persuaded that no basis is present for extending an insurers' duty of good faith and

fair dealing to third-party claimants, even in the context of intra-family suits. To extend the duty would only compromise the insurer's ability to protect its own interests and those of its insured.

Appellants argue secondly that they are third-party beneficiaries of the insurance contract who should be able to bring an action directly against Farmers Insurance for a violation of the duty of good faith and fair dealing owed to Angela. The primary case cited by Appellants to support their contention is *Thompson v. Commercial Union Insurance Company of New York*, 250 So.2d 259 (Fla.1971). The *Thompson* case, however, has been subsequently limited by *Fidelity and Casualty Company of New York v. Cope*, 462 So.2d 459 (Fla. 1985). In *Cope*, the Florida Supreme Court held that, when a third-party claimant executed a release of the insured without obtaining an assignment of the insured's claim for bad faith prior to satisfaction of an excess judgment, the third-party claimant could not maintain an action against the insurer. Therefore, the *Thompson* case simply does not support Appellants' contention that they may assert, independent of an assignment, a bad faith action directly against Farmers Insurance as third-party beneficiaries. The third-party-beneficiary argument has been rejected by virtually every court to address the issue,

and we join those courts today. *See, e.g., Page v. Allstate Insurance Company*, 126 Ariz. 258, 614 P.2d 339 (Ct.App.1980); *Scroggins v. Allstate Insurance Company*, 74 Ill.App.3d 1027, 30 Ill.Dec. 682, 393 N.E.2d 718 (1979); and *Murphy v. Allstate Insurance Company*, 17 Cal.3d 937, 132 Cal.Rptr. 424, 553 P.2d 584 (1976).

We hold that the duty of good faith and fair dealing runs only from the insurer to the insured. As Appellants are third-party claimants in the context of this suit, they have no direct cause of action against Farmers Insurance for bad faith, either in contract or in tort. Hence, the district court did not abuse its discretion by denying Appellants' motion to amend their complaint with Count IV or Count VI.

■ The second issue for our consideration is whether Appellants may assert a private cause of action against Farmers Insurance for a violation of § 26–13–124 of the Wyoming Insurance Code. Section 26–13–124 falls within Article 1 of the Unfair Trade Practices Act, Wyo.Stat. §§ 26–13–101 to –124 (1991). It provides that a person violates the Act if he "commits or performs with such frequency as to indicate a general business practice" one or more of fourteen enumerated unfair claims settlement practices.[2] In Count II of their

---

2. Section 26–13–124 provides:

(a) A person is considered to be engaging in an unfair method of competition and unfair and deceptive act or practice in the business of insurance if that person commits or performs with such frequency as to indicate a general business practice any of the following unfair claims settlement practices:

(i) Misrepresenting pertinent facts or insurance policy provisions relating to coverages at issue;

(ii) Failing to acknowledge and act reasonably promptly upon communications with respect to claims arising under insurance policies;

(iii) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under insurance policies;

(iv) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(v) Failing to affirm or deny coverage of claims within a reasonable time after proof of loss statements have been completed;

(vi) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims in which liability has become reasonably clear;

(vii) Compelling insureds to institute litigation to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in actions brought by such insureds;

(viii) Attempting to settle a claim for less than the amount to which a reasonable person would have believed he was entitled by reference to written or printed advertising material accompanying or made part of an application;

(ix) Attempting to settle claims on the basis of an application which was altered without notice to, or knowledge or consent of, the insured;

(x) Making claims payments to insureds or beneficiaries not accompanied by a statement setting forth the coverage under which the payments are being made;

(xi) Making known to insureds or claimants a policy of appealing from arbitration

complaint, Appellants alleged, in substance, that Farmers Insurance violated paragraphs (ii) through (vi) of § 26–13–124(a) while handling their liability claims against Angela. The district court dismissed Count II on the ground that § 26–13–124 is a regulatory statute which does not create a private right of action in third-party claimants.

Appellants acknowledge on appeal that the Wyoming Legislature did not expressly create a private right of action to enforce the provisions of § 26–13–124; however, they urge this Court to find by implication that the Wyoming Legislature intended that such a right exist. Appellants advance three main arguments in support of this position. First, they argue that they are within the class of persons the Wyoming Legislature intended to protect by enacting § 26–13–124. Appellants note that paragraphs (xi) and (xii) of § 26–13–124(a) specifically refer to both "insureds" and "claimants." Second, they argue that the Wyoming Legislature intended to allow private enforcement of § 26–13–124 by creating a private right of action under § 26–15–124. Third, and finally, they implore this Court to follow *Klaudt v. Flink*, 202 Mont. 247, 658 P.2d 1065 (1983), and *Jenkins v. J.C. Penney Casualty Ins. Co.*, 167 W.Va. 597, 280 S.E.2d 252 (1981). These two cases represent the minority position that an implied private right of action lies for violations of an unfair-claims-settlement-practices statute.

In *Julian v. New Hampshire Insurance Company*, 694 F.Supp. 1530 (D.Wyo.1988), the United States District Court for the District of Wyoming addressed the very issue and arguments now presented to this Court. Employing Wyoming rules of statutory construction, the District Court noted

that, while § 26–13–124 may have been enacted to protect both insureds and claimants against unfair settlement practices, no indication was present that the Wyoming Legislature intended to create a private right of action under the statute. 694 F.Supp. at 1531. The District Court also determined that no indication existed that the Wyoming Legislature intended for the private right of action created in § 26–15–124 to extend beyond the circumstances therein stated. *Id.* at 1532. Lastly, the District Court distinguished the minority position cases, including *Klaudt* and *Jenkins*, and joined those courts which were unwilling to imply a private right of action under an unfair-claims-settlement-practices statute. *Id.* at 1532–33. The District Court concluded:

As with the acts in other states, Wyoming penalizes unfair claims settlement practices that are committed or performed with such frequency as to indicate a general business practice. As such, "it does not readily lend itself to enforcement by a private cause of action arising from a single claim." *O.K. Lumber Company, Inc.*, 759 P.2d at 524. Second, the Wyoming Insurance Commissioner has power to examine and inquire into violations of the Insurance Code, enforce the Insurance Code with impartiality, execute the duties imposed upon him by the Insurance Code, and ha[s] the powers and authority expressly conferred upon him by or reasonably implied from this code. Finally, as illustrated by Wyo.Stat. § 26–15–124(c), the Wyoming Legislature knows how to expressly create a private right of action if it chooses to do so. Having reviewed Wyo.Stat. § 26–13–124 (unfair claims settlement practices), this court cannot conclude

---

awards in favor of insureds or claimants for the purpose of compelling them to accept settlements or compromises less than the amount awarded in arbitration;

(xii) Delaying the investigation or payment of claims by requiring an insured, claimant or the physician of either to submit a preliminary claim report and then requiring the subsequent submission of formal proof of loss forms, both of which submissions contain substantially the same information;

(xiii) Failing to promptly settle claims, where liability has become reasonably clear, under one (1) portion of the insurance policy coverage in order to influence settlements under other portions of the insurance policy coverage; or

(xiv) Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for denial of a claim or for the offer of a compromise settlement.

that the legislature intended to create a private right of action under this section.

*Id.* at 1533 (some citations omitted).

Upon an independent review of the statutes, cases, and counsel's arguments, we arrive at the same conclusion as did the District Court in *Julian.* The Wyoming Insurance Code, Wyo.Stat. §§ 26–1–101 to 26–44–117 (1991 & Supp.1992), is a comprehensive enactment for the regulation of the insurance industry. The insurance commissioner is charged with the responsibility of enforcing the provisions of the Code. Section 26–2–109(a)(iii). In order to carry out this responsibility, the insurance commissioner is granted broad rule making, investigatory, and enforcement authority. *See generally* §§ 26–2–101 to –130. Absent an express provision to the contrary, we do not believe that the Wyoming Legislature intended for the Code to also be enforced by private action. Accordingly, we hold that no implied private right of action exists under § 26–13–124 of the Wyoming Insurance Code.[3] In light of this conclusion, it follows that Appellants cannot assert any facts which would entitle them to relief under § 26–13–124. Thus, the test for dismissal has been met. We affirm the district court's dismissal of Count II.

■ The third issue for our consideration is whether Appellants may assert a private cause of action against Farmers Insurance for an unreasonable claim denial under § 26–15–124 of the Wyoming Insurance Code. Liberally construing Count III of their complaint, Appellants assert that Farmers Insurance's failure to accept and pay or reject their settlement demand within forty-five days violated § 26–15–124(b) and entitled them to seek attorney's fees and interest under § 25–15–124(c). The district court dismissed Count III, presumably on the ground that Farmers Insurance had not refused to pay a claim which Appellants had reduced to judgment.

Section 26–15–124 provides:

(a) Claims for benefits under a life, accident or health insurance policy shall be rejected or accepted and paid by the insurer or its agent designated to receive the claims within forty-five (45) days after receipt of the proofs of loss and supporting evidence. Exceptions to the time of forty-five (45) days shall be made for accident and health insurance claims if there is any question as to the validity or the amount of the claim and the question is referred to the Wyoming state medical peer review committee for adjudication.

(b) Claims for benefits under a property or casualty insurance policy shall be rejected or accepted and paid by the insurer or its agent designated to receive those claims within forty-five (45) days after receipt of the claim and supporting bills.

(c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

■ The plain language of subsections (a) and (b) imposes a statutory duty on insurers to accept and pay, or reject, claims for insurance benefits within forty-five days of receiving adequate proof of a loss. In the event that the insurer rejected a claim or failed to timely act upon a claim, subsection (c) contemplates that the insured or his beneficiary would bring a contractual action against its insurer for claimed benefits. Subsection (c) provides that a court may, in addition to entering a

---

**3.** For other cases declining to imply a private right of action to enforce an unfair claims settlement statute, see, e.g., *Bates,* 467 N.W.2d 255; *O.K. Lumber Company, Inc.,* 759 P.2d 523; *Moradi–Shalal v. Fireman's Fund Insurance Compa-* *nies,* 46 Cal.3d 287, 250 Cal.Rptr. 116, 758 P.2d 58 (1988); and *Tank v. State Farm Fire & Casualty Company,* 105 Wash.2d 381, 715 P.2d 1133 (1986) (en banc).

judgment for the insured or its beneficiaries on the contractual action, award attorney's fees and interest if it is determined that the insurer's refusal to accept and pay the claim within forty-five days of receiving proof of the loss was unreasonable or without cause. An underlying action for contractual benefits, however, is not a jurisdictional prerequisite. An insured or his beneficiary may maintain an independent action to recover attorney's fees and interest for an unreasonable refusal to pay within forty-five days despite the insurer's ultimate payment of the claim prior to trial. *Smith v. Equitable Life Assurance Society,* 614 F.2d 720 (10th Cir.1980).

■ The purpose of this statute, as it relates to claims for insurance benefits, is to encourage the prompt settlement of justifiable claims by providing redress for an insurer's wrongful refusal to pay. *Id.* at 723. The statute complements and enforces the duty of good faith and fair dealing that an insurer owes to its insured. Appellants' problem is that they are not insureds or named beneficiaries; they are third-party claimants to a liability insurance contract. As discussed above, an insurer owes no duty of good faith and fair dealing to a third-party claimant. Accordingly, we interpret subsection (c), the only subsection arguably applicable to third-party claimants, to provide that a court may award attorney's fees and interest under very limited circumstances. Those circumstances are when: (1) the third-party claimant has reduced his liability claim against an insured to judgment[4] or has reached a settlement agreement with the insured and insurer; (2) the insurer subsequently has refused to pay the judgment or the settlement amount to the extent covered by the policy; and (3) the refusal to pay has been determined to be unreasonable or without cause in an action to collect on the judgment or to enforce the settlement agreement. *Cf. Farmco, Inc. v. Explosive Specialists, Inc.,* 9 Kan.App.2d 507, 684 P.2d 436 (1984) (construes similar statute to permit judgment creditor to recover attorney's fees in a garnishment action against an insurer to collect a judgment against an insured). Consistent with the overall objective of the statute, this construction of § 26–15–124(c) encourages the prompt payment of liability insurance proceeds to injured persons once the predicate of the insured's liability has been established in a court of law or has been settled by an agreement.

In the instant case, Appellants settled all their liability claims against Angela, and Farmers Insurance thereafter timely paid the amount of loss covered by its policy. Thus, Appellants cannot state any facts to bring themselves within the terms of § 26–15–124(c). Once again, the test for dismissal has been met. We affirm the district court's dismissal of Count III.

■ The fourth and last issue for our consideration is whether Appellants may assert a cause of action against Farmers Insurance under the Wyoming Consumer Protection Act. Construing Count V of the amended complaint in conjunction with their appellate brief, Appellants assert that Farmers Insurance engaged in "unfair or deceptive acts or practices" in violation of § 40–12–105(a)(xv) by failing to settle their third-party claims immediately. Upon a review of the Wyoming Consumer Protection Act, we detect no evidence that the Wyoming Legislature intended to create a private cause of action for third-party claimants to sue a tort-feasor's liability insurer over settlement disputes. *See McCarter v. State Farm Mutual Automobile Insurance Company,* 130 Ill.App.3d 97, 85 Ill. Dec. 416, 473 N.E.2d 1015 (1985); *Green v. Holm,* 28 Wash.App. 135, 622 P.2d 869 (1981); *Bowe v. Eaton,* 17 Wash.App. 840, 565 P.2d 826 (1977). The Wyoming Consumer Protection Act was drafted primarily to protect consumers from unscrupulous and fraudulent marketing practices. The Wyoming Legislature has addressed the problem of and remedies for unfair claims settlement or payment practices in the Wyoming Insurance Code. *See Pierzga v. Ohio Casualty Group of Insurance Companies,* 208 N.J.Super. 40, 504 A.2d 1200, *cert. denied,* 104 N.J. 399, 517 A.2d 402

---

4. Wyoming does not have a direct action statute.

(1986);  and *Britton v. Farmers Insurance Group (Truck Insurance Exchange)*, 221 Mont. 67, 721 P.2d 303 (1986).  The district court did not abuse its discretion by denying Appellants' motion to amend their complaint with Count V.

Affirmed.