2005 WY 53

**STEWART TITLE GUARANTY COM-
PANY, a Texas corporation, Ap-
pellant (Defendant),**

v.

**Samuel J. TILDEN, a Wyoming resident,
Appellee (Plaintiff).**

No. 04–147.

Supreme Court of Wyoming.

April 27, 2005.

Representing Appellant: Andrea L. Richard, P.C., of Jackson, Wyoming, and John A. Coppede of Rothgerber Johnson & Lyons LLP, Cheyenne, Wyoming.

Representing Appellee: Jessica Rutzick, Jackson, Wyoming.

Before HILL, C.J., and GOLDEN, KITE, and VOIGT, JJ., and STEBNER, D.J., Retired.

GOLDEN, Justice.

[¶1] Stewart Title Guaranty Company (Stewart Title) issued a policy of title insurance to Samuel Tilden. When a defect in the insured title appeared and the parties could not resolve the issue otherwise, the parties entered into arbitration as required by the contract of insurance. The dispute was eventually resolved. During the course of the arbitration proceedings the arbitrator made a specific finding that Stewart Title failed to cure the defect in a reasonably diligent manner but Tilden suffered no actual damages.

Tilden requested attorney's fees but the arbitrator determined that he had no authority to grant attorney's fees as part of the arbitration. Tilden brought this current action for the sole purpose of recovering attorney's fees pursuant to Wyo. Stat. Ann. § 26–15–124(c) (LexisNexis 2003).[1] Stewart Title argues that § 26–15–124(c) does not create a private cause of action for attorney's fees and thus the district court should dismiss the action. Finding that an action for the recovery of attorney's fees pursuant to § 26–15–124(c) has been properly brought under these specific circumstances, we affirm the grant of summary judgment.

## ISSUES

[¶ 2]  Stewart Title presents the following issues:

I.  What is the plain and ordinary meaning of "judgment" as used in Wyo. Stat. § 26–15–124(c)?

II.  Was Appellee entitled to judgment as a matter of law on his claim for attorney's fees under Wyo. Stat. § 26–15–124(c) without a judgment determining that Stewart Title refused, unreasonably or without cause, to pay the full amount of a covered loss[?]

III.  Can Appellee maintain a stand-alone claim for attorney's fees under Wyo. Stat. § 26–15–124(c) without a judgment determining that Stewart Title refused, unreasonably or without cause, to pay the full amount of a loss covered by the insurance policy[?]

IV.  Did the district court err in ruling that Stewart Title was collaterally estopped from litigating the reasonableness of its claim denial where the arbitrator's decision on that issue did not result in a judgment on the merits, the decision was contrary to law, Stewart Title did not have a full and fair opportunity to litigate the present issue(s) in the arbitration, and where the issue decided by the arbitrator was not identical to the issue before the district court?

Tilden generally agrees with this presentation of the issues.

## FACTS

[¶ 3]  This is the second time the underlying facts have given rise to an appeal before this Court.  See Stewart Title Guar. Co. v. Tilden, 2003 WY 31, 64 P.3d 739 (Wyo.2003) (Stewart Title I ).  The underlying facts are the same.  Tilden purchased a policy of title insurance from Stewart Title.  Tilden discovered a title defect and presented a claim to Stewart Title, which Stewart Title initially denied.  The issue went to arbitration as required under the contract of insurance.  Two years later the arbitrator determined that the policy of insurance did cover Tilden's claim, Stewart Title had failed to cure the defect in a reasonably diligent manner, but that Tilden had suffered no actual damages.  On the question of the reasonableness of Stewart Title's actions, the arbitrator, in his Final Award, expressly held that "Stewart Title did not cure the title defect in a reasonably diligent manner" and that the "delay [in taking action to cure the title] was unreasonable."  The arbitrator denied Tilden's request for attorney's fees in the arbitration, concluding that he had no authority under the contract or the terms of arbitration to award attorney's fees.

[¶ 4]  Tilden, still seeking attorney's fees, filed an action in district court for the confirmation of the arbitration award pursuant to Wyo. Stat. Ann. § 1–36–113 (LexisNexis 2003).[2]  It is that action that gave rise to

---

1.  Section 26–15–124(c) states:

    (c) In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which judgment is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

2.  Section 1–36–113, entitled "Confirmation of award by court," states:

    Upon application of a party the court shall confirm the award unless within the time limits allowed grounds are urged for vacating or modifying the award.

*Stewart Title I.* The *Stewart Title I* court held that the district court could not confirm the arbitration award. "Stewart's satisfaction of the award effectively rendered the issue moot, and the district court should have dismissed the confirmation motion unless it determined that live issues remained to be litigated." *Stewart Title I*, ¶ 9. Tilden argued that the issue of attorney's fees remained to be litigated. In response, the *Stewart Title I* court stated "we cannot see that a judgment on the award is necessary to receive a further additional judgment permitted by law." *Id.* at ¶ 10. The court remanded the case with directions to dismiss the underlying action.

[¶ 5] Tilden next filed the instant action. Tilden's complaint traced the underlying course of events and the different proceedings to date. The only claim for relief presented by Tilden in his complaint was the award of attorney's fees pursuant to § 26–15–124(c). Tilden filed a motion for partial summary judgment on the issue of the unreasonableness of the denial of his claim and the delay in curing the title defect by Stewart Title. Tilden argued that the finding of unreasonableness by the arbitrator constituted res judicata or collateral estoppel against Stewart Title and therefore the finding was binding and precluded Stewart Title from relitigating the issue. The district court granted the motion for partial summary judgment and directed Tilden to "submit an application for attorney's fees under Wyo. Stat. § 26–15–124(c)." Stewart Title appealed.

3. W.R.C.P. 54(b) states:

(b) *Judgment upon multiple claims or involving multiple parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other

## DISCUSSION

[¶ 6] Although not raised by either party in their respective briefs, we must first determine whether this Court has jurisdiction to hear this appeal. The motion was one for partial summary judgment. The order granting that motion is a nonappealable interlocutory order. This Court would only have jurisdiction to hear an appeal of the order if the district court certified the order as an appealable judgment pursuant to W.R.C.P. 54(b).[3] *Hayes v. Nielson*, 568 P.2d 905, 906 (Wyo.1977) ("No appeal will lie from an order granting a partial summary judgment because such an order is not a final order under Rule 54(b), W.R.C.P."); *see also Ambariantz v. Cunningham*, 460 P.2d 216, 217 (Wyo.1969). The instant order contains no express certification that there is no just reason for delay or an express direction for the entry of such a judgment. *Barker Bros., Inc. v. Barker–Taylor*, 823 P.2d 1204, 1207 (Wyo.1992). The order, therefore, is not appealable.

[¶ 7] One option available to this Court, however, is to convert the appeal into a writ of review.[4] *See generally In re General Adjudication of All Rights to Use Water in Big Horn River System*, 803 P.2d 61, 68 (Wyo.1990) ("There is no inhibition in our court rules, the state constitution, or any legislative mandate that precludes this court from, on its own motion, considering a notice of appeal as a petition for writ of certiorari and proceeding with review on that basis.") As this Court has previously explained:

form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

4. This action should have been brought as a writ of review pursuant to W.R.A.P. 13.02:

A writ of review may be granted by the reviewing court to review an interlocutory order of a trial court in a civil or criminal action, or from an interlocutory order of an administrative agency, which is not otherwise appealable under these rules, but which involves a controlling question of law as to which there are substantial bases for difference of opinion and in which an immediate appeal from the order may materially advance resolution of the litigation.

[Appellant] should have filed a petition for writ of review in this Court; instead, she filed a notice of appeal. Upon initial consideration of that notice of appeal the Court had two options: (1) dismiss the appeal, explaining that a petition for writ of review was the proper vehicle for bringing the district court's order before this Court; or, (2) treat the notice of appeal as a petition for writ of review. In this particular case, the Court opted to treat the notice of appeal as a petition for writ of review. We caution practitioners that in many, if not most instances, this Court will dismiss appeals filed under these circumstances.

*Kittles v. Rocky Mountain Recovery, Inc.,* 1 P.3d 1220, 1222 (Wyo.2000). With that caution still in mind, this Court will, albeit with reluctance, convert this appeal into a writ of review. We do so only because Stewart Title presents only questions of law relating to jurisdiction and Tilden's ability to state a claim upon which relief may be granted. Since these issues are fundamental to the action, an immediate review by this Court is in the best interest of judicial economy. We will continue our review as if the issues were properly before us on a writ of review.

■ [¶ 8] The first issue that must be resolved is whether § 26–15–124(c) creates a private right of action. If it does not, then the complaint should be dismissed for lack of jurisdiction. The issue, however, is not as complex as it might first appear and already has been decided. In *Herrig v. Herrig,* 844 P.2d 487, 494–95 (Wyo.1992), the court determined that § 26–15–124(c) does create a private right of action. At issue was whether third parties could bring an independent claim for attorney's fees pursuant to § 26–15–124(c). Thus, the *Herrig* court was directly presented with the issue of whether § 26–15–124(c) creates a private right of action. That court determined that § 26–15–124(c) did create a private right of action, although, under the particular circumstances of that case, the third parties could not state a claim upon which relief could be granted under the statute. Specifically, in discussing the statute, the *Herrig* court stated:

The plain language of subsections (a) and (b) imposes a statutory duty on insurers to accept and pay, or reject, claims for insurance benefits within forty-five days of receiving adequate proof of a loss. In the event that the insurer rejected a claim or failed to timely act upon a claim, subsection (c) contemplates that the insured or his beneficiary would bring a contractual action against its insurer for claimed benefits. Subsection (c) provides that a court may, in addition to entering a judgment for the insured or its beneficiaries on the contractual action, award attorney's fees and interest if it is determined that the insurer's refusal to accept and pay the claim within forty-five days of receiving proof of the loss was unreasonable or without cause. An underlying action for contractual benefits, however, is not a jurisdictional prerequisite. An insured or his beneficiary may maintain an independent action to recover attorney's fees and interest for an unreasonable refusal to pay within forty-five days despite the insurer's ultimate payment of the claim prior to trial. *Smith v. Equitable Life Assurance Society,* 614 F.2d 720 (10th Cir.1980).

*Herrig,* at 494–95.

[¶ 9] Stewart Title fails to mention *Herrig* in its opening brief and even in its reply brief does not dispute that *Herrig* establishes that an independent action for attorney's fees can be maintained pursuant to § 26–15–124(c). Stewart Title only argues that the circumstances of the instant action do not support a claim under the statute. Given no argument that *Herrig* should be overruled, we will not discuss the issue further. As previously determined by the *Herrig* court, § 26–15–124(c) does create a private right of action. The district court has jurisdiction.

■ [¶ 10] The remaining issues raised by Stewart Title concern whether the facts and circumstances of this case support a claim under § 26–15–124(c). Most, if not all, of the issues raised by Stewart Title require this Court to construe the language of § 26–15–124(c). A brief review of the rules of statutory construction reminds us that:

Statutory interpretation is a question of law which we review de novo. *Chevron U.S.A., Inc. v. State*, 918 P.2d 980, 983 (Wyo.1996). We first decide whether the statute is clear or ambiguous. This Court makes that determination as a matter of law. *Id.* A "statute is unambiguous if its wording is such that reasonable persons are able to agree as to its meaning with consistency and predictability." *Allied–Signal, Inc. v. Wyoming State Bd. of Equalization*, 813 P.2d 214, 220 (Wyo. 1991). A "statute is ambiguous only if it is found to be vague or uncertain and subject to varying interpretations." *Id.* at 219–20.

If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. We begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land & Cattle Co. v. Wyoming Game & Fish Comm'n*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*. *State Dep't of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo.1994). If we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent. *State v. Bannon Energy Corp.*, 999 P.2d 1306, 1309 (Wyo.2000).

*Cabot Oil & Gas Corp. v. Followill*, 2004 WY 80, ¶¶ 6–7, 93 P.3d 238, ¶¶ 6–7 (Wyo.2004).

[¶ 11] The primary contention raised by Stewart Title is that an action pursuant to § 26–15–124(c) can only be brought after a court judgment has been entered determining that an insurance company has unreasonably or without cause failed to pay a covered loss. Stewart Title breaks this argument down into several components. Initially, Stewart Title focuses on the word "judgment." It claims that a complete court judgment is a condition precedent to filing a complaint pursuant to § 26–15–124(c). In this case there is only an arbitra-

tion award, and an arbitration award, especially an unconfirmed arbitration award, is not a judgment. Stewart Title continues by arguing that, with no prior court judgment entered against Stewart Title, an action under § 26–15–124(c) cannot be maintained.

[¶ 12] This contention fails for two reasons: first, it ignores the prior holding of the court in *Herrig* that "[a]n underlying action for contractual benefits ... is not a jurisdictional prerequisite. An insured or his beneficiary may maintain an independent action to recover attorney's fees and interest," 844 P.2d at 495, and second, it is not supported by the plain language of the statute. While we agree with Stewart Title that the plain meaning of the word "judgment" does not include an arbitration award, it does not advance Stewart Title's position. The critical aspect of the term "judgment" under the present circumstances is the temporal aspect of the term "judgment" as used in the statute. Stewart Title argues a "judgment" must come first, as a condition precedent. We find no support in the language of the statute for this contention.

[¶ 13] We begin with a reminder that this Court is charged with giving effect to every word, clause and sentence used by the legislature. Section 26–15–124(c) is comprised of one sentence. We look then, to give effect to every clause and every word within that sentence. The current focus is on the word "judgment" as used in the statute:

In any actions or proceedings commenced against any insurance company on any insurance policy or certificate of any type or kind of insurance, or in any case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured, if it is determined that the company refuses to pay the full amount of a loss covered by the policy and that the refusal is unreasonable or without cause, any court in which *judgment* is rendered for a claimant may also award a reasonable sum as an attorney's fee and interest at ten percent (10%) per year.

§ 26–15–124(c) (emphasis added). We have agreed that "judgment" means a judicially imposed judgment. The problem with the

construction Stewart Title advances, that a judgment is a condition precedent to bringing an action pursuant to § 26–15–124(c), is that it eliminates the phrase "any actions or proceedings."

[¶ 14] The statute specifically allows for a finding regarding unreasonableness or without cause to be made in any "actions or proceedings." The two words are listed in the disjunctive and each must be given its distinct meaning. The word "action" in its usual legal sense means "a civil or criminal judicial proceeding." Black's Law Dictionary 31 (8th ed.2004). The term "proceeding" is broader. A "proceeding" includes "any procedural means for seeking redress from a tribunal or agency." *Id.* at 1241. Therefore, by the terms of the statute (as already determined in *Herrig*) a court action is not required as a condition precedent to the award of attorney's fees pursuant to the statute. Rather, a determination regarding reasonableness can come from any prior action **or** proceeding.

[¶ 15] This construction is far more consistent with the language of the statute. The "judgment" referred to in the statute is a judicial judgment entered at any time, either as part of an initial court "action," or after any "actions" or "proceedings" have been completed. The "judgment" after a proceeding has been completed could be a judgment in an action brought independently under § 26–15–124(c), as has occurred in this case. In short, a judgment is not a condition precedent to the bringing of an independent claim under § 26–15–124(c).

[¶ 16] Another component of the statute that Stewart Title argues is not met under the circumstances is the required finding that "the company refuses to pay the full amount of a loss covered by the policy." Stewart Title argues that the statute does not apply because Stewart Title cured the defect in title, it never refused to "pay" the full amount of a covered "loss." In fact, Stewart Title argues, the arbitrator determined that Tilden suffered no actual damages so there is no loss. Thus, Stewart Title reasons, Tilden cannot meet the requirements of the statute.

[¶ 17] This reading of the statute, while literally correct, is too narrow. We acknowledge that "[a] basic tenet of statutory construction is that omission of words from a statute is considered to be an intentional act by the legislature, and this court will not read words into a statute when the legislature has chosen not to include them," *Merrill v. Jansma,* 2004 WY 26, ¶ 29, 86 P.3d 270, ¶ 29 (Wyo.2004), but such a reading would limit the previous language of the statute that a claim under the statute may be based upon "any action or proceeding" brought "against any insurance company on any insurance policy or certificate of any type or kind of insurance." As further guidance, the title of the section refers to acceptance or rejection of a claim generally. The language in general would seem to encompass the claim handling practices on all insurance policies and all insurance claims, yet the one phrase emphasized by Stewart Title seems to limit the scope of the statute to only those policies and circumstances where an insured has suffered a covered loss for which a monetary payment was due. Since not all types of insurance coverage are limited to the payment of a loss (as the present case aptly illustrates), when reading the statute as a whole, an ambiguity is created.

[¶ 18] There are various issues the Court may review when construing an ambiguous statute. "When the language is not clear or is ambiguous, the court must look to the mischief the statute was intended to cure, the historical setting surrounding its enactment, the public policy of the state, the conclusions of law, and other prior and contemporaneous facts and circumstances, making use of the accepted rules of construction to ascertain a legislative intent that is reasonable and consistent." *State ex rel. Motor Vehicle Div. v. Holtz,* 674 P.2d 732, 736 (Wyo. 1983). The ultimate goal is to determine the intent of the legislature. "If the statute is ambiguous, which means that its meaning is uncertain and it is susceptible to more than one interpretation, we may construe it. Our primary goal is to determine legislative intent. Statutes are to be given a reasonable interpretation with reference to their pur-

pose." *Keats v. State*, 2003 WY 19, ¶ 26, 64 P.3d 104, ¶ 26 (Wyo.2003).

[¶ 19] In this instance, legislative intent is clear. The majority of the language in the statute reveals that the legislature did not intend to limit the type of insurance or claim falling within the ambit of the statute. As the court stated in *Herrig:*

The purpose of this statute, as it relates to claims for insurance benefits, is to encourage the prompt settlement of justifiable claims by providing redress for an insurer's wrongful refusal to pay. *Id.* at 723. The statute complements and enforces the duty of good faith and fair dealing that an insurer owes to its insured.

*Herrig*, 844 P.2d at 495. We do not believe the legislature intended for the conduct of an insurance company that constitutes an unreasonable delay in claim settlement to be removed from the ambit of the statute simply because the insurance company can settle the claim by means other than payment of an amount for a monetary loss suffered by the insured. To use the present example, the fact that a title company can cure a title defect and thereby prevent its insured from sustaining actual damages does not excuse the company from liability under the statute for its unreasonable claim settlement practices prior to curing the title defect. Hence, it is appropriate under these circumstances to interpret the phrase "the company refuses to pay the full amount of a loss covered by the policy" broadly to mean "the company refuses to fulfill its contractual obligations with regard to settling a loss covered by the policy."

[¶ 20] In sum, the construction of § 26–15–124(c) as determined by this Court is that § 26–15–124(c) creates a private right of action. Under the present circumstances, the claim brought under the statute requires the following elements be proven: 1) an ac-

tion or proceeding was commenced (which could include the present action); 2) against the insurance company; 3) on any insurance policy or any type or kind of insurance; 4) that in that action or proceeding it was determined that the company refused to pay the full amount of loss covered by the policy or otherwise fulfill its obligations to the insured under the policy; 5) and that a determination was made in that action or proceeding that the refusal was unreasonable or without cause.[5] A court that renders a judgment finding these elements have been satisfied may award a reasonable sum as an attorney's fee and interest at 10% per year as damages. Any other reading would render various words or clauses of the statute meaningless.

[¶ 21] This construction also settles the issue of the use of collateral estoppel by the district court. By the language of the statute, collateral estoppel plays no role in a proceeding pursuant to § 26–15–124(c) under these circumstances.[6] An element of the claim is that a finding of unreasonableness was made in a prior proceeding or action (if not, then in the current action). Here, a finding of unreasonableness was made in a prior proceeding, the arbitration. That is the element of the claim that needs to be proven. Stewart Title does not argue that such a finding was not made in the arbitration proceeding.

[¶ 22] The prior finding, in this case the finding of the arbitrator, is not subject to challenge in an action brought pursuant to § 26–15–124(c). If Stewart Title had a problem with any finding of the arbitrator, it had adequate recourse. Stewart Title could have requested judicial review of the arbitration award pursuant to Wyo. Stat. Ann. §§ 1–36 114 or 115 (LexisNexis 2003). Stewart Title instead allowed the findings by the arbitrator to stand uncontested. The prior finding by the arbitrator was properly allowed in the

---

5. We present only these elements since this is not a "case where an insurer is obligated by a liability insurance policy to defend any suit or claim or pay any judgment on behalf of a named insured."

6. Stewart Title complains that a construction of the statute preventing the issue of reasonableness from being litigated within the action brought pursuant to § 26–15–124(c) will allow insured's

to bring a claim against an insurance company pursuant to § 26–15–124(c) even if there was a positive determination of reasonableness in a prior proceeding or action. Although this is not the circumstance directly before the Court, we note that the doctrines of collateral estoppel and res judicata remain available to defeat a claim under the appropriate circumstances.

instant action. It is the finding itself that is an element of the claim. It is not necessary or applicable to apply collateral estoppel to the finding before the finding can be accepted.[7]

[¶ 23] Stewart Title finally complains that a finding of unreasonableness or without cause must be made in the statutory proceeding to ensure it has a proper chance to litigate the issue. Stewart Title presents this argument by asserting that the elements of collateral estoppel have not been met. Stewart Title claims that the findings of the arbitrator, that "Stewart Title did not cure the title defect in a reasonably diligent manner," and that the "delay [in taking action to cure the title] was unreasonable," are not tantamount to the finding necessary for a claim to succeed under § 26–15–124(c). Stewart Title argues that the arbitrator never made a finding that it unreasonably refused to pay the full amount of a covered loss. Stewart Title also argues that the decision on reasonableness only related to actual damages under the contract, not to statutory attorney's fees, thus it is a different issue.

[¶ 24] As our discussion above indicates, however, the statute is not to be so narrowly construed. The statute provides for the award of attorney's fees as damages if a finding of unreasonableness or without cause was made in any action or proceeding. There is no restriction as to the claim under which such a finding is made. Thus, if the finding came in a prior action or proceeding, that action or proceeding could involve a claim either in tort or contract. The finding of the arbitrator was made under the language of the ·contract, and thus qualifies as the necessary finding to satisfy the requirements of the statute.

[¶ 25] Essentially, yet again Stewart Title is attempting to read out of the statute the acceptance of the trial court of prior decisions made in "any action or proceeding" and instead require the district court to always make the reasonableness determination independently. This suggestion goes against the clear language of the statute. The finding of the arbitrator fits the statutory requirement of a finding that Stewart Title unreasonably refused to fulfill its contractual obligations with regards to settling a loss covered by the policy. The fact that the finding had collateral consequences beyond the arbitration does not make the finding inappropriate for the purposes of § 26–15–124(c).

## CONCLUSION

[¶ 26] The construction of the language of § 26–15–124(c) provides the foundation for the answers to all issues presented by Stewart Title. Section 26–15–124(c) creates a private right of action. Under the facts and circumstances of this case, in order to prevail on a claim under § 26–15–124(c), Tilden must plead and prove that the arbitrator determined, as part of an arbitration proceeding brought under the policy of title insurance issued by Stewart Title, that Stewart Title unreasonably, or without cause, refused to cure a covered title defect upon a claim presented by Tilden. The final award of the arbitrator, as well as other documents, was entered into evidence in support of Tilden's motion for partial summary judgment, effectively supporting all these elements. Stewart Title does not argue that the grant of summary judgment is not factually supported.

[¶ 27] There is no genuine issue of any material fact. While we do not necessarily agree with the legal reasoning of the district court, we agree with the ultimate outcome. Summary judgment on the issue of the unreasonableness of the delay by Stewart Title in curing the defect in title presented by Tilden is affirmed. The issue of the proper amount of damages remains to be determined. This case is remanded for further proceedings consistent with this opinion.

---

7. Technically, the reasoning of the district court applying collateral estoppel was incorrect, but this Court can affirm a decision on any grounds appearing in the record. *Hutchins v. Payless Auto Sales, Inc.*, 2004 WY 22, ¶ 12, 85 P.3d 1010,

¶ 12 (Wyo.2004) ("Furthermore, even if we do not agree with the district court's reasoning, we will affirm the district court's summary judgment decision if there is any legal basis in the record to support it.").