2007 WY 70

**Thomas WITOWSKI, Appellant (Defendant),**

v.

**Gayle (Witowski) ROOSEVELT, Appellee (Plaintiff).**

**No. 06–141.**

Supreme Court of Wyoming.

April 27, 2007.

Representing Appellant: Robert E. Schroth of Schroth & Schroth, LLC, Jackson, Wyoming.

Representing Appellee: David G. Lewis, Jackson, Wyoming.

Before VOIGT, C.J., and GOLDEN, HILL, KITE, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Thomas Witowski (Father), seeks review of district court orders that granted two partial summary judgments in favor of his former wife, Gayle Roosevelt, fka Gayle Witowski, (Mother). Mother filed a complaint on October 27, 2004, seeking to recover $18,000.00 in child support arrearages, as well as other relief. We will dismiss the appeal because the order from which the appeal is taken is not a final order as contemplated by W.R.C.P. 54(b), it is not otherwise an appealable order as contemplated by W.R.A.P. 1.05, and it is not a matter that this

Court will treat as a petition for writ of review.

## ISSUES

[¶ 2] Because we conclude that this appeal must be dismissed, we will not set out the issues raised by Father. The only matters we will address are those which relate to whether or not this Court will take cognizance of this appeal and decide the issues raised by the parties. These matters we raise on our own motion.

## FACTS AND PROCEEDINGS

[¶ 3] As noted above, Mother filed her complaint on October 27, 2004. The parties were married in the state of Wisconsin on August 4, 1973. Lacey Witowski (Child) was born on April 22, 1984. By decree entered on August 24, 1992, in the state of Virginia, the parties were granted a divorce. The divorce decree incorporated an agreement/stipulation that settled all issues between the parties. Pertinent to this appeal, the agreement provided:

3. Child Support:

Husband shall pay to Wife the sum of Six Hundred Dollars ($600.00) per month, for the support and maintenance of the minor child, with [sic] payable on the first day of each month, commencing the first day of June 1992, agreement [sic] and continuing in a like sum until the minor child reaches the age of 18 years or completes high school, whichever event shall last occur, and/or while the child is a full-time college student until age 23 years.

5. College Education of Child:

Husband and Wife shall each pay one-half of the expenses of said child's college education which shall include costs of books, tuition, lodging, meals, and related fees, provided that the limit of each party's liability for each academic year involved shall be one-half of the charge of suggested costs for that same academic year as set out in the published catalogue of the University of Virginia.

8. Medical, Dental, Hospitalization Expenses:

Husband shall provide military/Champus health, hospitalization and dental coverage for Wife, until such time as a final Decree of Divorce is entered and for the child until his obligation to support and educate the child has terminated. Husband will obtain and maintain a Champus supplement insurance (health) policy for said child during the same period of time and each party will pay half of all future and necessary medical and dental expenses for treatment, examination and/or care of child not covered by Champus or provided by military facilities and/or insurance.

[¶ 4] Following entry of the Virginia divorce decree, Mother and Child moved to Jackson, Wyoming. Although Father continually paid his monthly child support payments, as well as his share of Child's medical and educational expenses, these payments ceased in June of 2002 when Child graduated from high school. After finishing high school, Child attended the University of Wyoming as a full-time student.

[¶ 5] Mother filed this action on October 27, 2004, seeking, *inter alia*, child support arrearages and reimbursement for one-half of Child's medical and educational costs for the time period after graduation from high school, but during the time Child was a university student and under age 23. Mother's complaint asked the district court: (1) To give full faith and credit to the Virginia divorce; (2) to enforce the parties' agreement with respect to child support; (3) to award Mother $18,000.00 in present arrearages, as well as any further arrearages that accumulated; and (4) that Father be ordered to pay Mother "such other damages, including incidental and consequential damages, as are awardable for breach of contract under the laws of the State of Wyoming or Virginia." Mother's pleadings included a request for attorney's fees and costs associated with the prosecution of this matter.

[¶ 6] By order dated October 24, 2005, the district court granted partial summary judgment to Mother. The district court found that, pursuant to the divorce decree, Father's child support obligations were clear and unambiguous, and he was required to fulfill his monetary duties until Child at-

tained her twenty-third birthday, so long as she remained a full-time, college student. The district court also held that the precise amount owed by Father for the unpaid child support, medical and education costs, and Mother's attorney's fees, would be determined at a later date.

[¶ 7]  Adding somewhat more to the procedural confusion, on November 21, 2005, Father filed a Petition to Modify Child Support, essentially asking that the district court undo what it had done to date.

[¶ 8]  On May 5, 2006, the district court issued an "Order Granting [Mother] Further Partial Summary Judgment."  This order was issued after a trial to the court.  The transcript of the proceedings is not included in the record on appeal.  Documentary evidence introduced by Mother at the trial is contained in Volume II of the record on appeal.  This documentary evidence is the source for the district court's findings of exactly what expenses Mother had paid, for which Father was required to reimburse her. In this Order, the district court determined, *inter alia*, that Father's motion to modify support should be denied, that Father's child support arrearages were $25,800.00, and his share of Child's educational and medical costs totaled $7,990.51.  The district court further ordered: (1) That Father must file and serve written arguments regarding issues surrounding any reimbursable costs; (2) the parties were to agree to a payment schedule for all arrearages by June 15, 2006, or the district court would impose its own payment schedule; and (3) that Mother was to file responsive arguments as well as any arguments regarding her request for attorney's fees, costs of prosecution, and prejudgment interest.  Father filed a partial response on May 25, 2006.  On June 1, 2006, he filed the notice of appeal that brought the matter to this Court.

## DISCUSSION

[¶ 9]  This appeal suffers from many infirmities.  Our focus will be on the condition of the orders from which the appeal is taken.  They are not final orders. W.R.C.P. 54(b) provides:

(b) *Judgment Upon Multiple Claims or Involving Multiple Parties.*—When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, **the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.**  [Emphasis added.]

The Annotation to Rule 54 contains a digest of cases, too numerous to mention, that espouse the basis for this rule.  However, the gist of it is simply that an order granting a partial summary judgment, that leaves open other undecided issues, is not a final order, *e.g., Stewart Title Guaranty Company v. Tilden,* 2005 WY 53, ¶¶ 6–7, 110 P.3d 865, 869–70 (Wyo.2005).  Not only is the order appealed from not final, the district court was not asked to make, nor did it make of its own motion, the certification required by Rule 54(b).

[¶ 10]  Continuing, the order from which the appeal is taken is not one that is described in W.R.A.P. 1.05:

An appealable order is:

(a) An order affecting a substantial right in an action, when such order, in effect, determines the action and prevents a judgment; or

(b) An order affecting a substantial right made in a special proceeding;  or

(c) An order made upon a summary application in an action after judgment;  or

(d) An order, including a conditional order, granting a new trial on the grounds stated in Rule 59(a)(4) and (5), Wyo. R.

Civ. P.; if an appeal is taken from such an order, the judgment shall remain final and in effect for the purposes of appeal by another party; or

(e) Interlocutory orders and decrees of the district courts which:

(1) Grant, continue, or modify injunctions, or dissolve injunctions, or refuse to dissolve or modify injunctions; or

(2) Appoint receivers, or issue orders to wind up receiverships, or to take steps to accomplish the purposes thereof, such as directing sales or other disposition of property.

(See Rule 13 for additional guidance on review of interlocutory orders.)

[¶ 11] Finally, the order from which the appeal is taken is not the sort of notice of appeal that might invoke our discretion to convert it to a petition for writ of review under W.R.A.P 13.

## CONCLUSION

[¶ 12] The orders from which this appeal is taken are not final orders, and we apply the plain terms of W.R.C.P. 54(b) and W.R.A.P. 1.05 as justification for our dismissal of the appeal.